### 67704. REED v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

BIRDSONG, Judge.

This is an action by an insured to recover optional no-fault benefits pursuant to a motor vehicle insurance policy issued on January 3, 1975, allegedly without a proper offering of PIP options pursuant to OCGA § 33-34-5 (b). The accident in question occurred on January 13, 1979. The parties stipulated to the trial court that there were no issues of material fact and requested that the trial court enter judgment in favor of the proper party. The trial court determined that insurer/appellee was entitled to judgment as a matter of law and, simultaneously, denied the insured's motion for summary judgment.

The issue of whether this case is controlled by OCGA § 33-34-5 (b) or § 33-34-5 (c) and all other issues have been rendered moot by the Supreme Court's recent decision in *St. Paul Fire &c. Ins. Co. v. Nixon*, 252 Ga. 469 (314 SE2d 215). In that case, the Supreme Court stated: "While in deciding *Flewellen* [*v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673)], we held that two signatures satisfied the statutory requirements, we did not *hold* that two signatures were mandatory in every case. Here, as in *Nalley*, although the optional-coverage application has only one signature, it is clear from the form of the application that the intent of the insured was to reject optional PIP benefits and vehicle-damage protection. Therefore, we hold that, the form is in substantial compliance with the statutory requirement, OCGA § 1-3-1 (c) (Code Ann. § 102-102), and satisfies the intent of the General Assembly to ensure that insurers offer optional coverages to applicants for no-fault insurance *and* that an applicant's waiver of his privilege to obtain optional coverage be made knowingly *and in writing*. *Flewellen*, supra, 250 Ga. at 714. (Emphasis in original.) *Nalley v. Select Ins. Co.*, 251 Ga., supra, p. 724 (Hill, C. J., concurring specially)." *Nixon*, supra.

As in *Nixon* and *Nalley*, the application in the present case contains a separate page containing the "offer to purchase additional or optional coverages." The optional coverage offerings contain separate boxes for the insured to mark acceptance or rejection of each of the PIP optional coverages, as well as separate boxes for loss of use coverage, actual cash value comprehensive coverage, and actual cash value collision coverage. Below the boxes appears the following statement: "I hereby acknowledge that I have *accepted* the coverages and/or limits listed above that have the following indication: Yes *X* and understand they will be effective on March 1, 1975. I also acknowledge that I have *rejected* the coverages and/or limits that have the following indication: No *X*." The signature of the insured follows. This form substantially complies with the more stringent requirements of OCGA § 33-34-5 (b) pursuant to the Supreme Court's holding in *Nixon*, supra. The form, of course, easily complies with the requirements for an effective OCGA § 33-34-5 (c) offer. *Wiard v. Phoenix Ins. Co.*, 251 Ga. 698, 700 (310 SE2d 221).

Inasmuch as the record has demonstrated no genuine issue of material fact concerning the insurer's liability in this case, the trial court correctly entered judgment in favor of the insurer.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

Decided May 11, 1984 — Rehearing denied May 31, 1984.

*Charles E. McCranie, Thomas W. Thrash, Jr.*, for appellant.

*E. Freeman Leverett*, for appellee.