### 70152. CHANEY v. GEORGIA MUTUAL INSURANCE COMPANY.
(331 SE2d 78)

BIRDSONG, Presiding Judge.

Summary Judgment — Sufficiency of Notice of Increased Personal Injury Protection. This is another in the line of cases originating with *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) and *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673).

The facts giving rise to this appeal show that Leroy Chaney obtained car insurance through an independent agency with the appellee Georgia Mutual in 1974. Each year thereafter, Chaney renewed his coverage with Georgia Mutual but instead of simply extending the original policy, Chaney resubmitted a new application and a new policy was issued each year. On March 15, 1980, Chaney renewed his coverage by signing a new application. On March 26, 1980, Chaney suffered a car accident from which he incurred expenses of more than $23,800. Chaney made demand upon Georgia Mutual for coverage of these losses. Georgia Mutual, contending that Chaney had elected the minimum coverage for PIP, conceded liability for $2,500, paid that amount, but denied further liability. Chaney, contending that the application of March 15, 1980, did not comport with the notice requirements of OCGA § 33-34-5 (b), tendered the premium for full coverage of $50,000 and brought this suit for Georgia Mutual's denial of liability seeking full medical expenses, penalties, attorney fees, and punitive damages. Georgia Mutual moved for summary judgment contending the application form filed by Chaney in March 15, 1980, comported with the requirements of the notice statute. The trial court granted summary judgment to Georgia Mutual. It is that grant that forms the sole ground of this appeal. *Held*:

The application signed by Chaney on March 15, 1980, consisted of two pages. The first page contained the general and personal information, including the various coverages and premiums for those coverages. This page was signed by Chaney. The reverse side, or page 2 of the application, was headed by a superscription in large letters and underlined by a large black line across the entire page. "IMPORTANT — READ BEFORE SIGNING." Underneath this caveat appears the language: "I understand that the company to whom I make this application has offered me the option to purchase "ADDITIONAL PERSONAL INJURY PROTECTION" up to a limit of $50,000 total . . . [as well as spaces for accepting or rejecting property damage to the auto]. Understanding these coverages and having been advised of the premium for each, I hereby sign this acceptance or rejection, for this policy. . . ." Underneath this acknowledgement, there is a block for checking: "( ) *WITH* ADDITIONAL PERSONAL

INJURY PROTECTION ( ) $10,000 LIMIT ( ) $25,000 LIMIT ( ) $50,000 LIMIT OR (X) *WITHOUT* ADDITIONAL PERSONAL IN-JURY PROTECTION." Chaney also checked boxes indicating his rejection of loss of use and full coverage collision and comprehensive insurance. There is no written acceptance of additional protection offered in the amounts of $10,000, $25,000, or $50,000 nor of additional property damage coverage other than the minimum required by law. Rather, the offer of additional PIP and property damage is expressly rejected by use of check marks so indicating. Thereunder appears the dated and handwritten signature of Leroy Chaney which clearly related solely to the offer of additional coverages.

This case is governed by the decisions in the cases of *St. Paul Fire &c. Ins. Co. v. Nixon*, 252 Ga. 469 (314 SE2d 215), *Nalley v. Select Ins. Co.*, 251 Ga. 722, 723 (313 SE2d 465), and *Reed v. Ga. Farm Bureau Mut. Ins. Co.*, 171 Ga. App. 126, 127 (318 SE2d 746). Here as in each of the above-cited cases, although the optional-coverage application has only one signature, it is clear from the form of the application that the intent of the insured was to reject optional PIP benefits and vehicle-damage protection. Thus the form utilized is in substantial compliance with the statutory requirement and satisfied the intent of the General Assembly to ensure that insurers offer optional coverages to applicants for no-fault insurance and that an applicant's waiver of his privilege to obtain optional coverages be made knowingly and in writing. *St. Paul Fire &c. Ins. Co. v. Nixon*, supra, p. 470.

Chaney seeks to avoid the consequences of *Nalley, St. Paul*, and *Reed*, supra, by asserting the case of *Bailey v. Ga. Mut. Ins. Co.*, 168 Ga. App. 706 (309 SE2d 870) held as a matter of law that the same application utilized by Georgia Mutual in this case securing coverage for Chaney had been held not to meet the requirements of the code. Chaney seeks an improper application of the holding in that case.

In *Bailey*, supra, this court considered the sufficiency of the application for excess or additional PIP in light of the existing case law (i.e., *Flewellen v. Atlanta Cas. Co.*, supra. However, the rationale pronounced in *Flewellen* was modified in *St. Paul Fire &c. Ins. Co. v. Nixon*, supra. In accordance with *Nixon*, supra, the application form for the insurance policy in this case meets the requirements established by the legislature and there was no duty to increase the policy limits. The *Bailey* case therefore does not call for the result suggested by Chaney.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED MAY 8, 1985.

*Michael D. Hill*, for appellant.

*Charles S. Wynne, Stephen P. Gilliam*, for appellee.