70204. DOUGLAS v. JEFFERSON-PILOT FIRE & CASUALTY COMPANY et al.
(333 SE2d 634)

Pope, Judge.

Pursuant to the holdings in *Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) (1980), and *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673) (1983), appellant brought this action against his insurer, appellee, seeking inter alia the recovery of $45,000 in optional personal injury protection (PIP) benefits under the Georgia "no-fault" law, OCGA § 33-34-1 et seq. Appellant made application for automobile insurance coverage on March 18, 1976; the resultant policy was effective on that date and remained in effect through the date of the accident for which appellant now seeks benefits thereunder, November 2, 1977. The sole issue presented for resolution by this appeal is the correctness of the trial court's grant of appellee's motion for summary judgment on the ground that the application form provided by appellee and completed by appellant was in substantial compliance with OCGA § 33-34-5 (b).

This case involves OCGA § 33-34-5 (b) as it existed prior to its amendment in Ga. L. 1982, p. 1234. The statute provided: "Each application for a policy of motor vehicle liability insurance sold in this state must contain separate spaces for the insured to indicate his acceptance or rejection of each of the optional coverages listed in subsection (a) of this Code section and no such policy shall be issued in this state unless these spaces are completed and signed by the prospective insured." As is pertinent here, subsection (a) of OCGA § 33-34-5 provided: "Each insurer shall also make available on an optional basis the following coverage: (1) An aggregate limit of benefits payable without regard to fault up to $50,000.00 per person, which may be rejected or reduced to not less than an aggregate limit of benefits payable without regard to fault of $5,000.00 per person by written consent of the policyholder." "[T]he intent of OCGA § 33-34-5 [cit.] is to ensure 'that insurers offer optional coverages to applicants for no-fault insurance *and* that an applicant's waiver of his privilege to obtain optional coverages be made knowingly *and in writing.*' *Jones,* at p. 232. The purpose of the statute is to resolve conflicts which arise when an insured contends that he was not informed of his statutory right to optional benefits. When this claim is made, the resolution of the issue will be to look to the policy to determine if there was reduction or rejection of those benefits in conformance with the statutory scheme." *Flewellen v. Atlanta Cas. Co.,* supra at 714.

The optional coverages portion of the application form in the case at bar is found on the reverse side of the application form on the lower half of the page. This portion of the application is reproduced in Appendix I of this opinion. "OCGA § 33-34-5 (a) [cit.] requires 'written consent' to either reject or reduce the coverage required to be offered. OCGA § 33-34-5 (b) [cit.] mandates that rejections or acceptances be accompanied by a signature, and it specifies the optional coverages to be those listed in subsection (a). The optional coverages listed there are PIP and property damage. [Cit.] . . . [T]he requirements of subsection (b) are satisfied by two signatures, one for acceptance or rejection of optional PIP and another to indicate acceptance or rejection of vehicle damage coverage." *Flewellen v. Atlanta Cas. Co.*, supra at 711. Since it contains only one signature space, the subject application form, like the one set forth in Appendix I of *Atlanta Cas. Co. v. Flewellen*, 164 Ga. App. 885, 893 (300 SE2d 166) (1982), is patently not in *full* compliance with OCGA § 33-34-5 (b). Nevertheless, is the application form in *substantial* compliance with the statute?

In *St. Paul Fire &c. Ins. Co. v. Nixon*, 252 Ga. 469 (314 SE2d 215) (1984), the Supreme Court held that the application form under review in that case was in substantial compliance with OCGA § 33-34-5 (b). That application contained separate spaces for the insured to indicate his acceptance or rejection of the optional coverages, but the insured's signature appeared only at the bottom of the page offering the optional coverages. A full verbal description of the pertinent portions of the application is set forth in the opinion. For further elucidation, the optional coverages portion of the *Nixon* application is set forth in Appendix II of this opinion. Following the holding in *Nixon*, this court found a similar application form in *Reed v. Ga. Farm Bureau Mut. Ins. Co.*, 171 Ga. App. 126 (318 SE2d 746) (1984), to be in substantial compliance with the statute. The optional coverages portion of this application form is set forth in Appendix III of this opinion. The applications approved by the courts in *Nixon* and *Reed* clearly reveal that the intent of the insured was to reject optional PIP benefits and vehicle-damage protection. The optional coverages information in those cases was prominently displayed in a separate part of the form and was provided in clear and easily readable sentences. Although prominently displayed, the information on the subject application is provided in abbreviated form, with no explanation of the meanings of the abbreviations. In our view, this application is essentially the same as the one found to be non-complying in *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709, supra. See Appendix I, *Atlanta Cas. Co. v. Flewellen*, 164 Ga. App. at 893, supra. See also *Tolison v. Ga. Farm Bureau Mut. Ins. Co.*, 253 Ga. 97 (1) (317 SE2d 185) (1984). Therefore, we conclude that the application form in the case at bar

was not in substantial compliance with OCGA § 33-34-5 (b) as said statute existed prior to the 1982 amendment. Accordingly, the trial court's order granting summary judgment to appellee insurer must be reversed.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

**IMPORTANT NOTICE:** If you do **not** desire to purchase these additional optional coverages requir- ed to be offered to you by law, you must reject these coverages in writing using the appropriate spaces below, or they will be included in your policy and an additional premium charged.

MAY 10 1978

Jefferson-Pilot Fire & Casualty Co.
or
Southern Fire & Casualty Co.

**Offer of Additional Optional No-Fault Coverage**

| | REJECT | ACCEPT |
|---|---|---|
| $10,000 PIP | ☒ | ☐ |
| $25,000 PIP | ☒ | ☐ |
| $50,000 PIP | ☒ | ☐ |
| ACV Comprehensive | ☒ | ☐ |
| ACV Collision | ☒ | ☐ |
| Loss of Use | ☒ | ☐ |

Applicant's Signature

APPENDIX I

460

**THE ST. PAUL**

 OFFER TO PURCHASE ADDITIONAL COVERAGE APPLICATION — GEORGIA

IMPORTANT NOTICE - *This Form must be completed in its entirety. Please check the appropriate box to indicate your acceptance or rejection of the following additional coverages. This Form must be signed and returned to your agent.*

I    OPTIONAL PERSONAL INJURY PROTECTION COVERAGE

[X] I do not want to purchase Optional Personal Injury Protection Coverage
[ ] I want to purchase Optional Personal Injury Protection Coverage as indicated below:

- [ ] 10,000 Aggregate Limit    [ ] 25,000 Aggregate Limit    [ ] 50,000 Aggregate Limit

II   FULL COVERAGE COLLISION (Collision Coverage without deductible)

[X] I do not want to purchase Full Coverage Collision
[ ] I want to purchase Full Coverage Collision

Present Policyholder: If you indicated you do not want to purchase Full Coverage Collision and you currently have Collision Coverage with a deductible, your coverage will not change. If you wish to add deductible Collision to your policy or change the amount of your present deductible, you should contact your agent and he must secure your written request authorizing the change.

New Policy Applicant: If you chose not to purchase Full Coverage Collision, you can elect to purchase Collision Coverage with a deductible. This should be shown on the standard Application for Automobile Insurance Coverage your agent asks you to complete.

III  FULL COVERAGE COMPREHENSIVE (Comprehensive Coverage without deductible)

[X] I do not want to purchase Full Coverage Comprehensive
[ ] I want to purchase Full Coverage Comprehensive

Present Policyholder: If you indicated you do not want to purchase Full Coverage Comprehensive, and you currently have Comprehensive Coverage with a deductible, your coverage will not change. If you wish to add deductible Comprehensive to your policy or change the amount of your present deductible, you should contact your agent and he must secure your written request authorizing the change.

New Policy Applicant: If you chose not to purchase Full Coverage Comprehensive, you can elect to purchase Comprehensive Coverage with a deductible. This should be shown on the standard Application for Automobile Insurance Coverage your agent asks you to complete.

IV.  LOSS OF USE (This Coverage provides reimbursement to the Named Insured for necessary transportation expense income not exceeding $10 per day or totaling more than $300, due to the loss of use of an insured motor vehicle because of damage covered by accident to such vehicle)

[X] I do not want to purchase Loss Of Use Coverage
[ ] I want to purchase Loss Of Use Coverage

AGENCY
NAME: Burnette Insurance Agency, Inc.

ADDRESS 5230 Jimmy Carter Blvd.

Norcross, Ga. 30093

SIGNATURE
OF INSURED XX

POLICY NUMBER:

DATE: 10/27/79

24 3rd Ed. 1-75 Printed in U.S.A.

APPENDIX II

GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY

## OFFER TO PURCHASE ADDITIONAL OR OPTIONAL COVERAGES

IN COMPLIANCE WITH THE GEORGIA MOTOR VEHICLE ACCIDENT REPARATIONS ACT, THE ADDITIONAL OPTIONAL COVERAGES LISTED BELOW MUST BE OFFERED FOR YOUR ACCEPTANCE OR REJECTION.

IMPORTANT NOTICE

IF YOU DO NOT DESIRE TO PURCHASE THESE ADDITIONAL OPTIONAL COVERAGES RE-QUIRED TO BE OFFERED TO YOU BY LAW, YOU MUST REJECT THESE COVERAGES IN WRITING IN THE APPROPRIATE SPACE INDICATED BELOW OR, UNLESS THE PRESENT LAW IS AMENDED, THE COVERAGES WILL BE ADDED TO YOUR POLICY AS OF MARCH 1, 1975, AND YOU WILL BE BILLED FOR THE ADDITIONAL PREMIUM.

BY THE FOLLOWING INDICATION (YES X) YOU ARE ACCEPTING AND BY THE FOLLOWING INDICATION (NO X), YOU ARE REJECTING THE ADDITIONAL COVERAGES LISTED BELOW. YOU MUST ANSWER EACH BLOCK YES OR NO.

**OPTIONAL PERSONAL INJURY PROTECTION**

| 2 | YES | | $10,000 | 3 | YES | | $25,000 | 4 | YES | | $50,000 | NOTE: THE $5000 BASIC LIMIT IS INCLUDED IN ANY OPTIONAL LIMIT THAT YOU SELECT. |
| | NO | X | | | NO | X | | | NO | X | | |

**LOSS OF USE COVERAGE**

| 1 | YES | | $10/$300 NOTE: COVERAGE IS $10 PER DAY SUBJECT TO $300 MAXIMUM. |
| | NO | X | |

**ACTUAL CASH VALUE COMPREHENSIVE**

| 1 | YES | | ACV NO DEDUCTIBLE |
| | NO | X | |

**ACTUAL CASH VALUE COLLISION**

| 6 | YES | | ACV NO DEDUCTIBLE |
| | NO | X | |

I HEREBY ACKNOWLEDGE THAT I HAVE ACCEPTED THE COVERAGES AND/OR LIMITS LISTED ABOVE THAT HAVE THE FOLLOWING INDICATION (YES X), AND UNDERSTAND THEY WILL BE EFFECTIVE ON MARCH 1, 1975. I ALSO ACKNOW-LEDGE THAT I HAVE REJECTED THE COVERAGES AND/OR LIMITS THAT HAVE THE FOLLOWING INDICATION: (NO X)

SIGNATURE OF INSURED: _Kathleen V. Reid_ PLEASE LIST YOUR PHONE NUMBER: _____

IMPORTANT RETURN IMMEDIATELY IN ENCLOSED ENVELOPE

RECEIVED JAN 10 1975
RECEIVED JAN 6 1975

HOME OFFICE USE ONLY

Exhibit B

APPENDIX III

DECIDED JUNE 21, 1985 —
REHEARING DENIED JULY 12, 1985 —

William A. *Dinges*, for appellant.
Ward D. *Hull, Walter B. McClelland*, for appellees.