## 69837. ASSOCIATED INDEMNITY CORPORATION v. SERMONS.
### (333 SE2d 902)

BEASLEY, Judge.

On April 2, 1980, appellee Sermons was injured in an auto accident, as a result of which she sustained personal injuries necessitating medical expenses and loss of earnings in excess of $5,000. At the time of the accident, Mrs. Sermons was operating a car insured by appellant under a policy in which her husband was a named insured. She was shown as an operator of the listed 1965 Chevrolet. The policy provided only basic personal injury protection benefits of $5,000. Prior to its issuance, Mr. Sermons on March 4, 1975, had signed a Personal Automobile Application and a Georgia Supplemental Automobile Application (No-Fault) (Appendix I).

The subject policy was periodically renewed with the same coverage and was in full force and effect on the date of the accident. In accordance with the terms of the policy, appellant insurer paid to Mrs. Sermons only the basic PIP benefits.

By letter of January 5, 1984, counsel for appellee Sermons and the named insured, Vernon Sermons, advised the insurer that they were "demanding additional benefits in the amount of $50,000 pursuant to *Flewellen v. Atlanta Casualty Company*, 250 Ga. 709, 1983 . . . ." and tendered the additional premium for such coverage. Appellant did not comply with the demand, and Mrs. Sermons filed suit, demanding judgment of additional benefits in the amount of $49,562.31, together with a twenty-five percent penalty for the insurer's failure to pay within thirty days after filing proof of claim, punitive damages of not less than $500,000 plus attorney fees and costs of the action.

Mrs. Sermons filed a motion for partial summary judgment as to the issues of liability and damages except for punitive damages and attorney fees. The insurer filed a motion for summary judgment seeking to dismiss the complaint on its merits. Counsel for the parties entered stipulations of fact in support of the motions, including the stipulation that Sermons had made demand upon the insurance company under the subject policy for $45,000 optional no-fault benefits.

The trial court overruled and denied the insurer's motion for summary judgment. It granted Sermons' motion for partial summary judgment but only as to liability on the issue of optional no-fault coverage in the amount of $45,000 and entered final judgment in this amount. The court also signed a certificate for immediate review of the denial of the insurer's motion for summary judgment. The insurer appeals both the denial of its motion and the grant of partial summary judgment to Sermons.

1. Appellant's first enumeration of error contends that the trial court erred in failing to find that the subject application for motor vehicle insurance was in substantial compliance with OCGA § 33-34-5 (b).[1] The guidelines set forth in *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983) and its progeny control and necessitate an examination of the form and substance of the application.[2]

The applicable version of OCGA § 33-34-5 (b) (pre-November 1, 1982) provides that on each application for motor vehicle liability insurance the insured must indicate by signature his or her acceptance or rejection of optional PIP and vehicle property damage coverages. *Tolison v. Ga. Farm Bureau Mut. Ins. Co.*, 253 Ga. 97, 98 (317 SE2d 185) (1984). The Georgia Motor Vehicle Accident Reparations Act (OCGA § 33-34-1 et seq.) imposes upon every insurer the duty to offer certain coverages, namely personal injury protection (PIP) and property damage to the motor vehicle. A minimum of $50,000 PIP coverage must be offered, but there is statutory allowance for a prospective insured to reduce the coverage to not less than $5,000 per person. Such intent to reduce coverage must be in writing and signed. See *Flewellen*, supra at 711. *Flewellen* addressed baseline questions of the number and location of applicant signatures to effectively reduce coverage, and determined that the requirements of subsection (b) were satisfied by two signatures, one for acceptance or rejection of optional PIP and another for acceptance or rejection of vehicle damage coverage. Subsequently, our Supreme Court held that two signatures were

---

[1] Since the policy was issued March 4, 1975, pre-1982 subsection (b) rather than pre-1982 subsection (c) applies.

[2] See Appendix II for references to where the various forms which have been reviewed on appeal may be found. Appendix III displays those forms which have not been previously published.

not required in every case, and that the mandate of OCGA § 33-34-5 (b) could be satisfied by substantial compliance therewith. See Chief Justice Hill's special concurrence to the dismissal of the writ of certiorari in *Nalley v. Select Ins. Co.*, 251 Ga. 722, 723 (310 SE2d 918) (1983); *St. Paul Fire &c. Ins. Co. v. Nixon*, 252 Ga. 469 (314 SE2d 215) (1984); *Tolison v. Ga. Farm Bureau Mut. Ins. Co.*, supra. To be in substantial compliance a form should satisfy " 'the intent of the General Assembly to ensure " 'that insurers offer optional coverages to applicants for no-fault insurance and that an applicant's waiver of his privilege to obtain optional coverages be made knowingly *and in writing.*' " *Flewellen*, supra, 250 Ga. at 714.' (Emphasis in original.) *Nalley v. Select Ins. Co.*, 251 Ga., supra, p. 724 (Hill, C. J., concurring specially)." *St. Paul Fire &c Ins. Co. v. Nixon*, supra at 470.

Is the present application in substantial compliance? That is, is there enough on the form to show as a matter of law that the insured was offered these benefits and knowingly rejected them? And, is it clear from the form that the intent of the insured was to reject optional PIP benefits? We think not.

We first compare the instant form to that found to be defective in *Flewellen*. Appellant's form is similar to that in *Flewellen* in having varied optional coverages clustered together with blocks to be checked for acceptance or rejection. The *Flewellen* application bore handwritten check marks in these blocks, which could reasonably be argued as indicative of greater input by the applicant/insured, and hence a clearer expression of intent to reject optional coverage. The present form bears typewritten "X's" in each rejection box. The defective *Flewellen* form stated at the top "Offer to Purchase Additional Coverage." Appellant's form bears no such language indicating that the applicant is being given an offer which must be accepted or rejected.

We next compare the instant application with that found to be sufficient in *Nixon*, supra, and find that it does not have the saving features of the *Nixon* form. Again we note that the present form has no language expressly stating that an offer is being made or that the applicant/insured should take special heed or note. There is no statement, as in *Nixon*, that "I do not want to purchase Optional Personal Injury Protection Coverage," which would more strongly indicate a knowing rejection of optional coverage. Two recent cases are also on point. In *Phoenix Ins. Co. v. Womack*, 174 Ga. App. 140 (329 SE2d 282) (1985), cert. denied, we held the form at issue there to be in substantial compliance (see Appendix III), but in that case, the applicant's signature accompanied each election to accept or reject optional coverages. He accepted some and rejected others. It was thus clear that the applicant was aware of each option and that it was the intent of the applicant to reject optional PIP benefits. In *Chaney v.*

*Ga. Mut. Ins. Co.*, 174 Ga. App. 734 (331 SE2d 78) (1985), the application (see Appendix III) bore language explaining the options and notifying the applicant of the import of his elections. The applicant signed the document acknowledging that he understood the optional coverages. Additional uninsured motorist insurance was checked as accepted and the other three were checked as rejected.

Our legislature's acknowledgment of the need for a clear and knowing acceptance or rejection of such coverage is reinforced by its enactment of the amendment to OCGA § 33-34-5 (b), effective January 25, 1983, which reads, "Each initial application for a new policy of motor vehicle liability insurance sold in this state after November 1, 1982, shall contain a statement in boldface type signed by the applicant indicating that the optional coverages listed in subsection (a) of this Code section have been explained to the applicant."

Much has been litigated and written in the attempt to delineate a just and viable standard by which to assess whether or not an insured has been given the opportunity to make an informed choice to accept or reject optional PIP coverage. To this end, our Supreme Court has expanded the bright line parameters of *Flewellen*. The doctrine of substantial compliance hopefully can accomplish this difficult task by allowing rational leeway in assessing policies long ago written from the clearer but potentially unjust vantage point of hindsight; if utilized well it should provide the desired opportunity for the insured while not asking the pragmatically impossible from the insurer.

In order for a document to be in substantial compliance with OCGA § 33-34-5 (b) in its pre-November 1, 1982 version, the form on its face should show the prospective insured, as a reasonable man or woman, the offered coverages and the action needed to accept or reject with such clarity so as not to require speculation as to whether there was a knowing election. In other words, does the form show that the applicant, as an ordinary reasonable man or woman, understood what was being offered and what choices he or she was making? If the answer to this question is "yes," and there is no evidence produced that the insured is other than the ordinary reasonable person, this should end the matter. If the answer is "no," it can be said as a matter of law that the form is defective by failing to substantially comply with the legislature's mandate.

Under our analysis, appellant's form does not provide the insured the mandatory degree of clear import concerning the right to accept or reject optional PIP benefits. See *Tolison*, supra. To hold the present application within the standard of substantial compliance would be to blur any guidelines we attempt to give insurers. We cannot say that the form Vernon Sermons signed shows that he understood that he had four optional coverages, what they were, and that he rejected each one. That being the purpose of the form to record this under-

standing and election, it falls short.

The trial court made no error in finding appellant's application to be fatally defective as a matter of law.

2. Our decision in Division 1 renders it unnecessary to address appellant's remaining enumerations of error.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

---

**Fireman's Fund American Insurance Companies** — PERSONAL AUTOMOBILE APPLICATION

☒ YOUNG DRIVER PROFILE ATTACHED ☐ DRIVER TRAINING CERTIFICATE ATTACHED ☐ GOOD STUDENT CERT ATTACHED

POLICY PERIOD 3-4-75 to 9-4-75 12:01 A.M. STANDARD TIME AT ADDRESS OF APPLICANT

AGENT OR BROKER — CODE 10 185 854

NAME AND RESIDENCE ADDRESS OF APPLICANT
Vernon & Sammie Sermons
Route 2, Box 258
Hahira, Georgia

Valdosta Insurance Agency
P.O. Box 1605
Valdosta, Georgia 31601

SOCIAL SECURITY NO. ___ ZIP CODE 31632

CITY AND STATE OF PRINCIPAL GARAGING — IF OTHER THAN RESIDENCE ADDRESS SHOWN — AUTO NO. ( ) LOCATION

APPLICANT'S EMPLOYER — NAME AND LOCATION — NO YRS EMPLOYED ( )
Holiday Inn, Valdosta, Ga.

PREVIOUS INSURER AND POLICY NUMBER (IF PHYSICAL DAMAGE IS NOT TO BE AFFORDED ALSO SHOW IN REMARKS INSURER AND EXPIRATION DATE OF PRESENT COVERAGE)
none — GA-01 attached

| | | CLASS AND LIMITS OF LIABILITY | CLASSIFICATION | AUTO 1 | AUTO 2 | AUTO 3 |
|---|---|---|---|---|---|---|
| B.I. LIABILITY | | 10 000 EACH PERSON | | 838210 | 1.75 | |
| | | 20 000 EACH OCCURRENCE | | 10-4 | | |
| P.D LIABILITY | | 10 000 EACH OCCURRENCE | | 28 | | |
| B.I. & P.D LIABILITY | | | | | | |
| MEDICAL PAYMENTS | | 500 EACH PERSON | | 2 | | |
| COMPREHENSIVE | ACV LESS $ DEDUCTIBLE OR $ STATED AMOUNT | | | | | |
| COLLISION | ACV LESS $ DEDUCTIBLE | | | | | |
| TOWING | $25.00 PER DISABLEMENT | | | | | |
| UNINSURED MOTORISTS | 10 000 EACH PERSON | | | | | |
| | 20 000 EACH ACCIDENT | | | | | |
| | 5 000 WH WHERE APPLICABLE | | | | | |

AGES OF APPLICANT'S CHILDREN UNDER AGE 29 RESIDENT IN HOUSEHOLD AND NOT LISTED AS OPERATORS MALE___ FEMALE___
NO OF AUTOS OWNED BY APPLICANT OR SPOUSE___
POLICY NUMBERS OF OTHER INSURANCE WITH THIS COMPANY___
RESIDENCE ☐ OWN ☐ RENT (IF LESS THAN 2 YEARS GIVE PREVIOUS ADDRESS UNDER REMARKS)
TYPE ☐ PVT. DWELLING ☐ HOTEL OR MOTEL ☐ TRAILER ☐ APARTMENT ☐ ROOMING HOUSE

ACCIDENTAL DEATH AND DISABILITY (SEE REVERSE SIDE) PRINCIPAL SUM / WEEKLY INDEMNITY
(a) NAME
(b)
(c)

ENDORSEMENTS 100266, 100599, 100640, 100764

| | | | A.D.&D. PREMIUM ▶ | $ |
|---|---|---|---|---|
| PAYMENT PLAN — OTHER THAN ECONOMY PLUS | ECONOMY PLUS INSTALLMENTS AT 25 (INCLUDES SERVICE CHARGE) DUE IN 60 DAYS 22 | | TOTAL PREMIUM ▶ | 45. |
| | AT INCEPTION $25 | | | |

| | MODEL YEAR | TRADE NAME OF OWNED AUTO OR TRAILER | MODEL AND BODY TYPE | HORSE POWER | IDENTIFICATION NUMBER | PURCHASED MO YR | COST NEW | SYMBOL & AGE | YEAR |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 65 | Chevrolet | | | 16437A180825 | | | | 19 |
| 2 | | | | | | | | | |
| 3 | | | | | | | | | |

LOSS PAYEE NAME AND MAILING ADDRESS (PHYSICAL DAMAGE COVERAGES ONLY)
AUTO 1 ___ ZIP
AUTO 2 ___ ZIP
AUTO 3 ___ ZIP

NAMES OF ALL OPERATORS IN APPLICANT'S HOUSEHOLD OR OTHER CUSTOMARY OPERATORS
IF SURNAME IS SAME AS APPLICANT'S — ENTER FIRST NAME AND INITIAL ONLY.

| NAMES | | | ENTER MARITAL STATUS CODE | OCCUPATION | DATE OF BIRTH MO/DAY/YR | DRIVER'S LICENSE NUMBER | DATE OF ISSUE | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | applicant | #1 | Porter | 2 20 56 | 1628285 ss#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 | | | | x |
| 2 | Brenda Joyce S | F 1 | Smith-Hosp | 10 31 56 | 1932678 ss#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 | | | | x |

MARITAL STATUS CODE: 1 MARRIED — LIVING WITH SPOUSE ** 2 SINGLE 3 WIDOWED 4 SEPARATED OR DIVORCED IF SO STATE HOW LONG IN REMARKS
IF APPLICABLE — INSERT CODE: 1 RESIDENT IN SCHOOL OVER 100 MILES AWAY 2 IN ACTIVE MILITARY SERVICE
IF LICENSED LESS THAN 36 MONTHS OR OPERATOR UNDER AGE 19 DATE OF ISSUE
CHECK AUTO NUMBER IF: OWNER / PRINCIPAL OPERATOR / OCCASIONAL OPERATOR

FACTS RESPECTING AUTOS:

| | AUTO 1 YES NO | AUTO 2 YES NO | AUTO 3 YES NO |
|---|---|---|---|
| 1 IS AUTO ALTERED OR CUSTOMIZED (IF YES, DESCRIBE IN REMARKS) | ☐ ☐ | ☐ ☐ | ☐ ☐ |
| 2 IS AUTO CUSTOMARILY USED IN BUSINESS OTHER THAN FARMING OR RANCHING | ☐ ☒ | ☐ ☐ | ☐ ☐ |
| 3 IS AUTO PRINCIPALLY GARAGED ON A FARM OR RANCH | ☐ ☐ | ☐ ☐ | ☐ ☐ |
| 4 NUMBER OF MILES AUTO IS DRIVEN TO WORK OR TO SCHOOL ALL PART WAY CAR POOL | 9 | | |
| 5 ESTIMATED ANNUAL MILEAGE | 9500 | | |

FACTS REPRESENTING OPERATORS (EXPLAIN "YES" ANSWERS IN REMARKS) HAS ANY OPERATOR EVER HAD—

| | YES NO |
|---|---|
| 6 A MENTAL OR PHYSICAL IMPAIRMENT INCLUDING DIABETES OR EPILEPSY OR A HISTORY OF EITHER* | ☐ ☒ |
| 7 A LICENSE SUSPENDED OR REVOKED | ☐ ☒ |
| 8 A CONVICTION FOR A MAJOR TRAFFIC VIOLATION*** | ☐ ☒ |
| 9 INSURANCE REFUSED OR CANCELLED BY ANY COMPANY**** | ☐ ☒ |
| 10 A RESTRICTED LICENSE EXCEPT FOR GLASSES* | ☐ ☒ |

LIST ALL ACCIDENTS LOSSES & VIOLATIONS IN PAST 3 YEARS

| DATE | OPER NO | ACCI DENT | LOSS | VIOLA TION | DESCRIPTION OF ACCIDENT LOSS VIOLATION (INCL AMOUNT OF LOSS) |
|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | | none |
| | ☐ | ☐ | ☐ | | |
| | ☐ | ☐ | ☐ | | |

REMARKS Sammie Sermons Z3598566. We know that you generally do not write policies in 2 names like above, but this car is in both names & so is another car that we add in April which has a lien on it & the lienholder will request Sammie's name on the policy. If you cannot do this, then write in Vernon's name only.

AUTO PLAN ☐ ECONOMY PLUS ☐ ASSOCIATED ☐ REGULAR ☐ SUPERIOR
COMPANY ☒ ASSOCIATED INDEMNITY CORPORATION ☐ FIRE INSURANCE COMPANY ☐ THE AMERICAN INSURANCE COMPANY ☐ NATIONAL SURETY CORPORATION ☐ AMERICAN AUTOMOBILE INSURANCE COMPANY

APPLICANT'S SIGNATURE. I have read and agree to the statements and the Fair Credit Reporting Act notice on the reverse hereof
Vernon Sermons

SIGNATURE OF AGENT OR BROKER
William T. Brigman
TIME 3-5 ☐AM ☐PM
DATE

* SINGLE LIMIT
** OR HEAD OF HOUSEHOLD
*** RECKLESS DRIVING HIT AND RUN UNDER INFLUENCE OF ALCOHOL OR DRUGS
**** NOT APPLICABLE IN OHIO OR WASHINGTON DC

☐ COPY OF THIS APPLICATION WITH FAIR CREDIT REPORTING ACT NOTICE HAS BEEN GIVEN TO APPLICANT

EXHIBIT "B"
62 3

300255—3-73

PRODUCER COPY

APPENDIX I

518

**FIREMAN'S FUND**

FIREMAN'S FUND INSURANCE COMPANY
THE AMERICAN INSURANCE COMPANY
NATIONAL SURETY CORPORATION
ASSOCIATED INDEMNITY CORPORATION
AMERICAN AUTOMOBILE INSURANCE COMPANY

## GEORGIA SUPPLEMENTAL AUTOMOBILE APPLICATION (NO FAULT)

**NAME OF APPLICANT/NAMED INSURED**

VERNON & SAMMIE SERMONS

**POLICY NUMBER** 2 3746205
**ASSOC. APP.**

| | | | | EFFECTIVE DATE 3-4-75 | PREMIUM | | |
|---|---|---|---|---|---|---|---|
| ☒ NEW | ☐ RENEWAL | ☐ CHANGE | | | AUTO 1 | AUTO 2 | AUTO 3 |
| BASIC PERSONAL INJURY PROTECTION $5,000 EACH PERSON | | | | | $ 4 | $ | $ |
| ADDITIONAL PERSONAL INJURY PROTECTION (ADDED AMOUNT) ☐ $5,000 EACH PERSON ☐ $20,000 EACH PERSON ☐ $45,000 EACH PERSON | | | | | $ | $ | $ |
| LOSS OF USE COVERAGE $10 PER DAY $300 MAXIMUM | | | | | $ | $ | $ |
| | | | | | TOTAL PREMIUM | $ 4.00 | |

### APPLICANT/NAMED INSURED'S STATEMENTS

| | | |
|---|---|---|
| ADDITIONAL PERSONAL INJURY PROTECTION | ☐ ACCEPT (PER ABOVE) | ☒ REJECT |
| LOSS OF USE COVERAGE | ☐ ACCEPT | ☒ REJECT |
| FULL COVERAGE COMPREHENSIVE | ☐ ACCEPT | ☒ REJECT |
| FULL COVERAGE COLLISION | ☐ ACCEPT | ☒ REJECT |

| APPLICANT/NAMED INSURED SIGNATURE | DATE | SIGNATURE OF AGENT OR BROKER |
|---|---|---|
| Vernon Sermons | 3-4-75 | William 2 Brigma |

00512—1-75

# EXHIBIT A

*Flewellen* form appears at 164 Ga. App. 893
*Van Dyke* form appears at 164 Ga. App. 894
*Jones* form appears at 164 Ga. App. 895
*Nalley* form appears at 251 Ga. 724-725
*Nixon* form appears at 251 Ga. 724-725
*Nixon* form appears at 175 Ga. App. 460, Appendix II.

*Douglas* form, discussed in *Douglas v. Jefferson-Pilot Fire & Casualty Co.*, appears at 175 Ga. App. 459, Appendix I.

*Reed* form, discussed in *Reed v. Ga. Farm Bureau Mut. Ins. Co.*, 171 Ga. App. 126 (318 SE2d 746) (1984), appears in *Douglas*, supra, at 175 Ga. App. 461, Appendix III.

APPENDIX II

520

APPENDIX III

Application for Vehicle Insurance in the
**GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY**

SOCIAL SECURITY NUMBER

Policy No : A

Agent No. 048-T Dist No. C

( ) New Application
( ) Re-Instatement
( ) Trsf Only

941-9058

R. I/ms No.: 2105730 Memb County Douglas

Name of F G I Insurer Harold Tolison

1. Named Insured Please Print Harold E. Tolison

Route or Street 830 Linda Lane

City Lithia Springs GA 30157

Effective Date: Month 4 Day 17 Year 79 Term Months 6
Exp Date: Month 10 Day 17 Year 79

| Full Name of ALL DRIVERS | Sex | Marital Status | Relationship to Applicant | Birth Date Mo. Day Yr | Age | License No. | Driver License Number | How Long Held License | OCCUPATION (Type of Work) |
|---|---|---|---|---|---|---|---|---|---|
| Harold | M | M | | 10 8 43 | | | 052764 7295 | | Production Supv |
| Helen | F | M | W | 9 8 50 | | | | | Hswf |

| Year | Make/Body | Type Body | Identification or Motor No. | Truck size or Load Capacity |
|---|---|---|---|---|
| 1979 | Ford | 2 Door | 9FE81L113981 | |

| Spd | | Used | | | Business and Pleasure | Policy | Type | Enc. | Terr. | Class | Sym. | HOME OFFICE USE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Commercial | Family | | 0 | 3 | 11 | 5 | |

How long have you lived at your present address? 3 Years

RECORDED MAY 31 1979 DATA PROCESSING

Helen S. Tolison

4260168

RECEIVED APR 2 6 1979

**DISCLOSURE OF FAIR CREDIT REPORTING ACT**

In compliance with Public Law 91-508, this Notice is to inform you that in connection with this application for insurance with Georgia Farm Bureau Mutual Insurance Company that:
1. An investigation may be made as to your insurability, including (if applicable) information as to character, general reputation, personal characteristics, and mode of living.
2. Additional information as to the nature and scope of any investigation requested will be furnished to you, upon your written request made within a reasonable period of time.

Signature of Applicant X Helen S. Tolison Date EXHIBIT "A" Hour: _____ A.M / P.M

## AGENT'S APPRAISAL FORM AND PREFERRED RISK PLAN APPLICATION

1. STATEMENT OF ACCIDENTS. Has the applicant or any operator been involved in an automobile accident while operating ANY automobile resulting damage to any property, including his own, or in bodily injury or death during the 36 months immediately preceding the date of this application? ☐ Yes ☑. If "Yes", complete the following:

| Date of Accident | Name of Driver | Description of Accident | Bodily Injury or Death Yes No | Damage to Property (Amount) |
|---|---|---|---|---|
| | | | ☐ ☐ | |
| | | | ☐ ☐ | |
| | | | ☐ ☐ | |

2. Within the last 3 years, has the applicant or any operator had any traffic violations or any accident not recorded in item 1? ☐ Yes ☑ No If "Yes", expla

3. Does the applicant or any operator have any physical impairment? (Amputation; deformity; uncorrected visual or hearing deficiency, Epilepsy) ☐ Yes ☑ No If "Yes" explain in remarks.

4. Has the applicant or any operator ever had his license or vehicle plates suspended? ☐ Yes ☑ No If "Yes" explain in remarks.

5. Has the applicant or any operator ever had an auto policy or any of its coverages: (a) canceled? ☐ Yes ☑ No (b) declined? ☐ Yes ☑ No (c) renewal refused? ☐ Yes ☑ No If "Yes" explain in remarks

6. Have you or any regular driver ever been charged with RECKLESS DRIVING or SPEEDING or DRIVING WHILE DRINKING? (IF YES, explain) Yes ☐ No ☑

7. Is a financial responsibility filing (S.R22) required for Applicant or any operator? ☐ Yes ☐ No If "Yes", no coverage can be bound

8. TRUCK SECTION: THE FOLLOWING QUESTIONS MUST BE ANSWERED FOR ALL TRUCKS:

(a) Combined Cost of Body and Chassis when New $
(b) USE OF TRUCK (Check one or more)
☐ For hire*
☐ For Wholesale Delivery
☐ For Retail Delivery
☐ For Owner Exclusively
☐ Farm Use Only
☐ Passenger Transportation Only*

(c) TYPE OF BODY
☐ Pickup
☐ Sedan Delivery
☐ Panel
☐ Flat Bed
☐ Stake
☐ Dump*
☐ Tractor
☐ Lime Spreader
☐ Van
☐

(d) COMMERCIAL AUTO CLASSIFICATION
☐ LOCAL HAULING — Not regularly or frequently operated beyond a radius of 50 miles of the city of principal garaging.
☐ INTERMEDIATE HAULING — Regularly or frequently operated beyond a radius of 50 miles but not beyond a radius of 150 miles of the limits of the city of principal garage
☐ LONG DISTANCE HAULING — Regularly or frequently operated beyond a radius of 150 miles of the limits of the city of principal garage. Do not bind coverage.

* Not insured by this company

(e) Truck Class
(f) DESCRIBE USE OF VEHICLE, COMMODITIES HAULED, AND FOR WHOM
(g) Give destination of customary trips and principal cities through which truck will be operated

(h) Is truck ever operated beyond a radius of 50 miles? Yes / No — If answer is "YES", explain under remarks number of trips per year, destinations, and distances.
(i) Is this truck operated at night? Yes / No — If YES, explain
(j) Is an ICC or Public Service filing required? Yes / No — If YES, explain

9. TRAILER SECTION (a) Is a trailer or semi-trailer used in connection with the operation of the truck? Yes / No / % Surcharge

(b) Circle type of Trailer used: TRUCK TYPE TRACTOR SEMI-TRAILER | 4 WHEEL TRAILER | 2 WHEEL TRAILER | EQUIPMENT TRAILER | POLE OR BUNK

(c) Trailer, tonnage or gallonage capacity: Length | Make | Serial Number | Cost when new $ | Actual cost to insured $

(d) IF FIRE, THEFT, AND COLLISION COVERAGE IS DESIRED ON TRAILER — COMPLETE SEPARATE APPLICATION.

10. If insured rejects protection against uninsured motorists insurance the following must be signed:

In accordance with the provision of Section 56-407A(d) of the Georgia Insurance Code, which permits the Insured named in the policy to reject the Protection Against Uninsured Motorists Insurance, the undersigned insured (and each of them) does hereby reject such insurance, being the insurance provided for protection of persons insured under this policy who would legally be entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury, sickness or disease, including death resulting therefrom, sustained by the insured; or from the owner or operator of an uninsured motor vehicle because of injury to or destruction of the property of such insured. It is further understood and agreed by the insured that this rejection of Uninsured Motorist insurance shall apply to any and all renewals of this policy.

Signature of Insured _____

### PROXY

If I am accepted as a member and issued a policy, I do hereby make, constitute and appoint the Board of Directors of the Georgia Farm Bureau Federation my true and lawful attorney for me, in my name and stead, to vote for me as proxy at any annual or special meeting of members of the Ga. Farm Bureau Mutual Insurance Company, which may be held at any time during my membership under the policy applied for herein, and at which I am not in attendance or represented by other proxy. I hereby grant my said attorney full power and authority to act for me in my name and stead at any meeting at which I am not present in person or represented by other proxy in the transaction of any business that may come before the meeting as fully as I could do, if personally present.

This proxy shall remain in effect year to year unless cancelled in writing by me.

Signature of Agent _____ Signature of Applicant X _Helen J. Polison_ Hour ___ Date ___

522

SPECIAL ~CK AUTOMOBILE
~ LICATION
(NOT A BINDER)

Producer Code

(PRODUCER COPY)

Mist ~den ~ill Ille
Ins. P.C. Box 569
Social Circle, Ga.

O. BOX 618 • GAINESVILLE GEORGIA 30501 • 800-282-0533

Applicant's Name _Leroy_____ _Chaney_____ _____ Last _____ Phone No. _267-3568_ Age _66_

**FIRST** **MIDDLE** **LAST**

Residence Address _714 Lacey St., Monroe, Walton, Ga._ ZIP ____

Residence Address Located ☑ Inside ☐ Outside City Limits

NO. STREET CITY COUNTY STATE ZIP

POLICY PERIOD: FROM _3-17-80_ TO _3-17-81_ PREVIOUS POLICY NO _A243623_

| BODILY INJURY & BASIC PIP | PROPERTY DAMAGE LIABILITY | AUTOMOBILE MEDICAL PAYMENTS | COMPREHENSIVE Actual Cash Value Less | COLLISION OR UPSET Actual Cash Value Less | TOWING AND LABOR COST | UNINSURED MOTORISTS $ _10_,000. | ADD'L PIP | LOSS OF USE COV. |
|---|---|---|---|---|---|---|---|---|
| $ _10_,000. Each Person | | | | | | Each Person | | ( ) With Ded. |
| $ _20_,000. Each Accident | $ _5,000._ Each Accident | $ _.00_ Each Accident | $ Deductible | $ Deductible | $ Each Disablement | $ _20_,000. Each Accident | $ _,000._ | ( ) W/O Ded. |
| CAR 1 PREMIUM $ _347.00_ | | | | | _12.00_ | | | |
| CAR 2 PREMIUM $ | | | | | | | | |
| CAR 3 PREMIUM $ | | | | | | | | |

UNINSURED MOTORISTS COVERAGE WILL BE ADDED UNLESS REJECTED ON REVERSE SIDE.

TOTAL PREMIUM $

EXTRA EQUIPMENT $

TOTAL POLICY AMOUNT $ _359.00_

Please file ☐ SR 22 ☐ SR-22 A (We must have CASE No.) Filing in behalf of.

SOCIAL SECURITY NO. of APPLICANT

| Car | Terr | Point Class | Driver Class | Symbol & Age | Year | Trade Name and Body Type | Serial Number | Cost New | H P |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 16 | 4 | QB | | 65 | Ford 1/2 T. P.U. | F100688370 | ... | |
| 2 | | | | | | | | | |
| 3 | | | | | | | | | |

Extra Equipment (see rules) is to be covered for car(s) No (otherwise not insured)

LOSS PAYEE—NAME AND COMPLETE ADDRESS

1.
2.
3.

DRIVER INFO. (Complete for applicant, spouse and all persons over age 14 residing with applicant, licensed or not.) Also list any other operators.

| NAME OF PERSON, EXACTLY AS SHOWN ON DRIVER'S LICENSE | Sex | Marital Status | Relation To Applicant | Date of Birth Mo. | Day | Yr. | Driver's License No. | State | Occupation | % Use |
|---|---|---|---|---|---|---|---|---|---|---|
| APPLICANT _Leroy Chaney_ | m | m. | | 7 | 21 | 13 | | GA | | |
| NAME OF SPOUSE _wife_ | W | | | | | | | | | |
| _Burkett Cornelius Young_ | m | S | Grandson | 3 | 3 | 61 | 10485519 | GA | Student | 100 |

| DRIVER | DATE Month | Year | LOCATION AND DETAILS OF ALL ACCIDENTS AND ALL VIOLATIONS DURING PREVIOUS 36 MONTHS | ACCIDENTS At Fault | Not At Fault | POINTS |
|---|---|---|---|---|---|---|
| _Leroy Chaney_ | 10 | 79 | DUI Monroe, Ga. | | | |

List other point charges

TOTAL POINTS

I hereby apply to the Company for a policy of insurance for the coverages set forth. It is understood and agreed that any policy issued is based on the statements contained herein. I further agree that said policy shall be null and void if these answers are false or given with the intent to deceive, or materially affect the acceptance of the risk assumed by the Company. I certify that the answers given herein are true, complete and correct, and understand that no coverage is effective until this application is received and accepted by the company.

I hereby authorize the Company to obtain from the Georgia Department of Public Safety a copy of my Motor Vehicle Report for their use in rating and/or underwriting the insurance for which I do hereby apply, and any renewal thereof. I understand that in obtaining a Motor Vehicle Report a Consumer Reporting Agency may be used and I do hereby authorize such use. I hereby certify that all of the drivers named in this application have authorized me to consent on their/their behalf for the Company to obtain Motor Vehicle Report(s) for rating and/or underwriting. I understand that my total premium will be determined from investigation and from the actual driving record for all listed and developed operators, such premium may be adjusted, and that the policy may be subject to restrictive endorsements and/or term change, and I will accept coverage on this basis.

I hereby make application against loss as specified and for membership in the Georgia Mutual Insurance Company of Gainesville, Georgia.

I hereby constitute and appoint J D Adderholt, James C. Lamb, Jr. and Dennis H. Wright of Gainesville, Georgia, or either of them individually, my sole, true lawful attorneys in fact and agents for use at my name to vote as my proxy accordingly as I would be entitled to vote if personally present at each and any annual meeting of the members or policyholders of Georgia Mutual Insurance Company, Gainesville, Georgia. This Power-of-Attorney or proxy shall be valid til revoked by me in writing.

IF PREMIUM FINANCED, SHOW CONTRACT No. _14694_ ☑ GMIC Finance ☐

Time _12:01_ ☑ A M ☐ P M

Date _3-16-80_

Signed _Leroy Chaney_ APPLICANT

EXHIBIT "A"

## SUPPLEMENTARY AUTOMOBILE APPLICATION – GEORGIA
### The Travelers
### Hartford, Connecticut
(To be completed by the Insured or Applicant)

**NAME** Charles Womack

**POLICY NUMBER**

**ADDRESS** Chula

The following optional automobile insurance coverages are offered in accordance with the Georgia No-Fault Law. If they are not rejected by you, The Travelers is required to provide the options indicated by an asterisk at the appropriate premium charge.

| COVERAGE | ACCEPT | REJECT | COVERAGE | ACCEPT | REJECT |
|---|---|---|---|---|---|
| 1. Collision | ☐ Full coverage (no deductible) | ☐ | 3. Loss of Use | ☐ Up to $10 per day $300 maximum available only if Comprehensive Coverage is afforded | ☒ |
| | ☒ 50 deductible | | | X Charles Womack | |
| | ☐ $100 deductible | | | | |
| | ☒ 200 deductible | | 4. Additional Personal Injury Protection Coverage | ☐ | ☒ |
| | Charles Womack | | | | |
| 2. Comprehensive | ☐ Full coverage (no deductible) | ☐ | | | |
| | X Charles Womack | ☒ 50 deductible | | X Charles Womack | |

I accept Additional Personal Injury Protection Coverage as indicated in 4 above in accordance with the following checked

☒ option:

| OPTION | OVERALL LIMIT | WORK LOSS | SUBSTITUTE SERVICES | FUNERAL | SURVIVORS BENEFITS |
|---|---|---|---|---|---|
| ☐ R1 | $10,000 | | No Internal Limits | | |
| ☐ R2 | 25,000 | | No Internal Limits | | |
| ☐ R3 | 50,000 | | No Internal Limits | | |
| ☐ R4 | 25,000 | $300/wk | $20/day | $1,500 | $5,000 |
| ☐ R5 | 50,000 | 400/wk | 20/day | 1,500 | 5,000 |
| ☐ R6 | 50,000 | 500/wk | 20/day | 1,500 | 10,000 |
| ☐ R7 | 100,000 | 500/wk | 20/day | 1,500 | 10,000 |

Additional PIP coverage in excess of the basic $5,000 under Options R4–R7 applies only to the named insured and resident relatives.

**UNINSURED MOTORISTS COVERAGE**

☐ I elect to reject Uninsured Motorists Bodily Injury and Property Damage Coverage.

I elect to purchase Uninsured Motorists Coverage at limits:

☐ Equal to my Bodily Injury Limits
OR the following lower limits (Check one)

☐ $15,000 per person/$30,000 per accident;
☐ $25,000 per person/$50,000 per accident;
☐ $50,000 per person/$100,000 per accident;
☐ $100,000 per person/$300,000 per accident;
☒ Other $ 10,000 per person/$ 20,000 per accident

☐ Equal to my Property Damage Limit
OR at the following lower limit (Check one)

☐ $15,000
☐ $25,000
☐ $50,000
☐ $100,000
☐ Other $

**SIGNATURE OF INSURED OR APPLICANT** X Charles Womack

**DATE** 1-8-82

**AGENT** J.D. Coxwell Co.

PL-2223 /REV. 11-78 PRINTED IN U.S.A.

EXHIBIT "A"

524

# IMPORTANT - READ BEFORE YOU SIGN!

I understand that the state requires that Family Protection Against Uninsured Motorists Insurance be afforded me under my motor vehicle liability policy unless specifically reject this coverage. Further, I understand that, should I elect to carry this coverage, I have the option to purchase limits up to the limits I carry under Bodily Injury coverage in the policy. Understanding this, I sign this rejection as witness my signature below with respect to all vehicles covered under this policy. Further, this rejection applies not only to this policy, but also to all renewals thereof unless I instruct the Company to the contrary in writing

I understand that the company to whom I make this application has offered me the option to purchase:

"ADDITIONAL PERSONAL INJURY PROTECTION" up to a limit of $50,000 total,
"LOSS OF USE" Insurance covering certain expenses up to $10 per day, $300 total
"FULL COVERAGE COLLISION AND COMPREHENSIVE INSURANCE"

Understanding these coverages and having been advised of the premium for each, I hereby sign this acceptance or rejection, for this policy and any renewals thereo and request the policy issued:

| | | |
|---|---|---|
| (✓) WITH UNINSURED MOTORISTS INSURANCE | (✓) LIMITS OF $10,000/20,000 ( ) LIMITS OF $ / | OR ( ) WITHOUT UNINSURED MOTORISTS INSURANCE |
| ( ) WITH ADDITIONAL PERSONAL INJURY PROTECTION | ( ) $10,000 LIMIT ( ) $25,000 LIMIT ( ) $50,000 LIMIT | OR (✓) WITHOUT ADDITIONAL PERSONAL INJURY PROTECTION |
| ( ) WITH LOSS OF USE INSURANCE | ( ) WITH $50 DEDUCTIBLE FOR LOWER RATE | OR (✓) WITHOUT LOSS OF USE INSURANCE |
| (✓) WITH FULL COVERAGE COLLISION AND COMPREHENSIVE INSURANCE | | OR (✓) WITHOUT FULL COVERAGE COLLISION AND COMPREHENSIVE INSURANCE |

Date 3-15-80 Signed 10:30 am Leovay chavely
Applicant

PRODUCERS STATEMENT
The producer shown on the face hereof agrees that he is the agent of the insured in the placement of this risk and that he has inspected the vehicles on whic physical damage coverages are applied for hereon and that the vehicle(s) are free of bodily damage

Producer Signature Judyth Jones

DECIDED JULY 16, 1985 —

*F. Thomas Young, H. Andrew Owen, Jr.*, for appellant.
*Reginald C. Wisenbaker*, for appellee.