74953. WALDEN v. PROGRESSIVE CASUALTY INSURANCE COMPANY.
(362 SE2d 505)

BENHAM, Judge.

Appellant, the executrix of her deceased husband's estate, filed a complaint seeking personal injury protection (PIP) benefits of $45,000, which she alleged were due her late husband's estate under a policy of insurance issued by appellee Progressive Casualty Insurance Company. Appellant contended that appellee's application for insurance, filled out by the decedent in August 1981, violated the applicable version of OCGA § 33-34-5 (b) by failing to offer the optional PIP coverages required by law to be offered. The trial court found appellee's application to be in substantial compliance with the law and granted the insurance company summary judgment on that issue. This appeal followed.

The application form at issue is identical in all pertinent respects with the form discussed in *Johnson v. Southeastern &c. Ins. Co.*, 178 Ga. App. 431 (4) (343 SE2d 709) (1986), rev'd on other grounds, 256 Ga. 713 (352 SE2d 760) (1987). There, the court found the form to be "deficient and not in substantial compliance with the statute" (id.) because the form on its face did not show the prospective insured "the offered coverages and the action needed to accept or reject with such clarity so as not to require speculation as to whether there was a knowing election." *Associated Indem. Corp. v. Sermons*, 175 Ga. App. 513, 516 (333 SE2d 902) (1985). While the court was divided on the issue whether timely notice had been given to the motor vehicle in-

surer of Johnson's employer, it stood united on all other issues, including the conclusion that Southeastern's application form was not in substantial compliance with OCGA § 33-34-5 (b), as it existed in 1981. See *Johnson,* supra, dissent at p. 438. Based upon this court's opinion in *Johnson v. Southeastern &c. Ins. Co.,* supra, we must reverse the judgment of the trial court granting appellee summary judgment on the ground that its form substantially complied with OCGA § 33-34-5 (b) (1981).

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 4, 1987.

*Lester B. Johnson II,* for appellant.
*J. M. Hudgins IV,* for appellee.