## 67381. INTERNATIONAL INDEMNITY COMPANY v. REEVES.

CARLEY, Judge.

Appellee-plaintiff filed suit against appellant-defendant, seeking to recover maximum optional PIP benefits, statutory penalties, attorney's fees and punitive damages. The trial court granted appellee's motion for partial summary judgment as to appellant's liability for the optional PIP benefits. On appeal, this court affirmed, holding that "[t]he application in the record before us" failed to meet the requirements of OCGA § 33-34-5 (b) as construed in *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980) and *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983). *Intl. Indemnity Co. v. Reeves*, 165 Ga. App. 730, 731 (302 SE2d 611) (1983).

Appellant's ultimate liability for the optional PIP benefits having been established, the case was returned on remittitur to the trial court. Appellee then moved for summary judgment with regard to the amount of PIP benefits he was entitled to receive. Appellant countered by filing its own motion for summary judgment. In its motion, appellant for the first time raised the issue of whether OCGA § 33-34-5 (c) was applicable to the case. Appellant's motion for summary judgment sought an adjudication that, regardless of its noncompliance with subsection (b) of OCGA § 33-34-5, it was not required to pay appellee any optional PIP benefits because it had complied with subsection (c) of that statute. Appellant also sought summary judgment as to appellee's claim for penalties, attorney's fees and punitive damages.

The trial court conducted a hearing on the parties' motions for summary judgment and then entered an order which granted appellee's motion and denied appellant's. It is from this order that appellant brings the instant appeal.

1. Appellant first asserts that OCGA § 33-34-5 (c) is applicable to the instant case, that it complied with that subsection, and that summary judgment was therefore erroneously granted to appellee and denied to it.

We need not address the merits of appellant's OCGA § 33-34-5

(c) argument. As noted above, appellant did not raise this issue until *after* this court had affirmed appellee's summary judgment as to appellant's liability for PIP benefits and had rejected appellant's subsection (b) defense to that liability. "*Granting* a summary judgment is a decision on the *merits* and ends the case; amendments and subsequent motions for summary judgment made *after* this decision on the merits are too late." (Emphasis in original.) *Ellington v. Tolar Constr. Co.*, 142 Ga. App. 218, 221 (235 SE2d 729) (1977). In *Perry v. Intl. Indemnity Co.*, 169 Ga. App. 818 (315 SE2d 13) (1984) this court rejected the argument that an insurer who elects to defend an optional PIP claim to an unsuccessful conclusion in sole reliance upon OCGA § 33-34-5 (b) is thereafter entitled to raise the provisions of OCGA § 33-34-5 (c) as an additional defense to the claim. Such an argument "fails to recognize . . . that a party must set forth facts in the record in response to a motion for summary judgment showing there is a genuine issue for trial whenever the movant has demonstrated [his] entitlement to judgment as a matter of law based on the state of the record at the time of the motion. [Cit.] Facts supporting a defense based on OCGA § 33-34-5 (c) should have been set forth in the record in response to [the insured's] motion." *Perry v. Intl. Indemnity Co.*, supra at 820. It is of no consequence that the trial court addressed the merits of appellant's OCGA § 33-34-5 (c) defense raised after this court had affirmed the grant of summary judgment for appellee on the issue of liability. "Upon the remittitur from the appellate court being filed in the trial court, the issue is res judicata, and the lower court has no authority to . . . hear further evidence or consider any other matter that would otherwise affect the finality of the judgment of this court. The only action which that court had authority or power to take was to make the judgment of this court the judgment of the trial court . . ." *Shepherd v. Shepherd*, 243 Ga. 253, 254-255 (253 SE2d 696) (1979). This court's prior affirmance of summary judgment in favor of appellee as to appellant's liability is the law of the case. Appellant should have raised its OCGA § 33-34-5 (c) defense in opposition to appellee's original motion for summary judgment as to liability. Not having done so, appellant's assertion of that defense to liability now comes too late.

Appellant does not contest the *amount* of optional PIP benefits awarded to appellee pursuant to his subsequent motion for summary judgment. Rather, appellant contends that appellee was entitled to *no* benefits by reason of the applicability of OCGA § 33-34-5 (c). Accordingly, the trial court did not err in granting appellee's motion for summary judgment as to the extent of appellant's liability for optional PIP benefits.

2. Appellant also asserts that the trial court erred in denying its motion for summary judgment as to appellee's remaining claims for

penalties, attorney's fees and punitive damages.

Appellant's belated and unavailing assertion of OCGA § 33-34-5 (c) as a defense to liability has no bearing on the determination of its "good faith" in refusing to pay optional PIP benefits to appellee. "The burden of proving good faith is on the insurer. [Cit.] Good faith in this context requires a *showing* of reasonable or probable cause for not paying the claim on time. [Cit.]" (Emphasis supplied.) *Binns v. MARTA*, 250 Ga. 847, 848 (301 SE2d 877) (1983). It is illogical to contend that an insurer's "good faith" refusal to pay optional PIP benefits may be demonstrated by a defense to liability that was never even properly raised in opposition to the merits of the insured's claim. Any defense to liability upon which the insurer was relying as a basis for its refusal to pay a claim for optional PIP benefits should have been raised before its liability for those claims was conclusively adjudicated. Since it is required that an insurer make a *showing* that its refusal to pay optional PIP benefits was in good faith and, under the procedural posture of the instant case, appellant may not introduce into the case a new defensive issue, it follows that appellant cannot meet the burden of showing good faith through belated reliance upon OCGA § 33-34-5 (c).

Appellant did unsuccessfully raise a defense predicated upon OCGA § 33-34-5 (b). Our Supreme Court has recently held "that insurance companies which did not pay *Jones* claims while *Flewellen* was pending should not be penalized with bad faith penalties and damages under OCGA § 33-34-6 (b), (c). We therefore hold that insurance companies which tendered the optional PIP benefits owed upon proper demands of their insureds within the statutory 30 and 60 day periods after March 23, 1983, when the motion for rehearing in *Flewellen* was overruled, are not subject to statutory penalties, attorney fees and punitive damages. [Cits.]" *Cotton States Mut. Ins. Co. v. McFather*, 251 Ga. 739, 743 (309 SE2d 799) (1983). We find nothing in the record before us which would demonstrate that appellant is or is not, as a matter of law, subject to the imposition of bad faith penalties and damages under the standard enunciated in the *McFather* decision. Accordingly, the trial court did not err in denying appellant's motion for summary judgment as to these issues.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MARCH 2, 1984 —
REHEARING DENIED MARCH 20, 1984.

*Michael L. Wetzel*, for appellant.
*M. Stan Ballew, Ralph F. Simpson*, for appellee.