## 40805, 40806. MONTGOMERY v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY; and vice versa.
(317 SE2d 837)

SMITH, Justice.

This is another in the line of no-fault motor vehicle insurance cases growing out of the decisions in *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980), and *Flewellen v.*

*Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983). Finding the issues presented by this case to be controlled by our recent decision in *Tolison v. Ga. Farm Bureau Ins. Co.*, 253 Ga. 97 (317 SE2d 185) (1984), we affirm.

On May 20, 1976, D. J. Montgomery applied to Georgia Farm Bureau Mutual Insurance Co. (Georgia Farm Bureau) for a motor vehicle liability insurance policy. The application completed by Montgomery is identical to the one recently reviewed by this court in the *Tolison* case, supra. On October 21, 1981, Montgomery was injured in an automobile accident, incurring medical expenses of nearly $26,000 and lost wages of approximately $16,000. Upon proof of claim Georgia Farm Bureau tendered to Montgomery the basic $5,000 Personal Injury Protection (PIP) benefits, together with $1,000 for medical expenses, as provided by the policy's terms.

In September 1982 Montgomery sued Georgia Farm Bureau, alleging that the company had failed to make available optional PIP coverage as required by OCGA § 33-34-5 (b), and demanding payment of full optional benefits in the amount of $34,788.90, plus statutory penalties, punitive damages, and attorney fees for bad faith refusal to pay his claim. Georgia Farm Bureau answered, then filed a separate motion to dismiss that portion of the complaint seeking statutory penalties, punitive damages, and attorney fees. Supporting and opposing briefs were filed by the respective parties.

In its Order on Contested Issues of Law dated July 1, 1983, the trial court reviewed the nine defenses raised by Georgia Farm Bureau's answer, found each to be legally insufficient, and ordered the defenses stricken. See OCGA § 9-11-12 (f). The parties later stipulated to the remaining contested factual issues, and on September 12, 1983, the court entered judgment for Montgomery in the amount of $33,521.51. In Case No. 40806, Georgia Farm Bureau appeals from these rulings by the trial court. By a separate order dated July 1, 1983, the court granted Georgia Farm Bureau's motion for partial summary judgment as to Montgomery's claims for statutory penalties, punitive damages and attorney fees. Montgomery appeals this ruling in Case No. 40805.

1. In Case No. 40806 Georgia Farm Bureau argues that the trial court erred in striking its defenses and entering judgment for Montgomery on his claim for optional PIP benefits. The thrust of Georgia Farm Bureau's argument is that factual issues remain as to the sufficiency of the form used by Georgia Farm Bureau and as to whether Montgomery was ever aware of his right to purchase optional PIP coverages when he completed his application. In light of our recent disposition of *Tolison v. Ga. Farm Bureau Ins. Co.*, supra, however, neither of these contentions has merit. In *Tolison*, a five-member majority of this court agreed that an identical form did not meet the

requirements set out in OCGA § 33-34-5 (b). We also held that the resolution of the factual issue of whether an insured is aware of optional coverages under the statute is made by reference to the printed application itself — that is, an insurer will not be allowed to "go behind" its faulty form and introduce evidence of a knowing rejection of benefits by the insured. *Tolison,* supra at 101; *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709, supra. We therefore find no error.

2. Georgia Farm Bureau's remaining enumerations of error are not supported by argument or citation of authority and are deemed abandoned pursuant to Supreme Court Rule 45.

3. In Case No. 40805, Montgomery appeals from the order denying him statutory penalties, punitive damages, and attorney fees. See OCGA § 33-34-6 (b) (c). The trial court cited *GEICO v. Mooney,* 250 Ga. 760 (3) (300 SE2d 799) (1983), for the proposition that this is an inappropriate case for imposition of such damages, and we agree. "[I]nsurance companies which did not pay *Jones* claims while *Flewellen* was pending should not be penalized with bad faith penalties and damages . . ." *Cotton States Mut. Ins. Co. v. McFather,* 251 Ga. 739, 743 (309 SE2d 799) (1983). The trial court's ruling was correct.

*Judgment affirmed in Case Nos. 40805 and 40806. All the Justices concur, except Marshall, P. J., and Weltner, J., who dissent in Case No. 40806.*

DECIDED JULY 16, 1984.

*Johnny B. Mostiler,* for appellant.
*Bridges, Connell & Snow, Alan W. Connell, Denmark Groover, Jr.,* for appellee.