68730. HANOVER INSURANCE COMPANY v. JENNINGS et al.
(323 SE2d 863)

Sognier, Judge.

William Jennings and his son, Jeff Jennings, brought this action on August 12, 1983, against Hanover Insurance Company to recover full optional personal injury protection (PIP) benefits under the automobile liability insurance policy issued by Hanover to William Jennings, as well as punitive damages, attorney fees, and penalties based on Hanover's bad faith refusal to pay the claim in full. The trial court granted the Jennings' motion for partial summary judgment on the issues of the additional PIP benefits and bad faith penalties and denied Hanover's motion for summary judgment. Hanover appeals.

1. Appellant contends the trial court erred by granting appellees' motion for partial summary judgment and denying its motion on the issue of appellees' claim for optional PIP benefits. The insurance application form contained no mention of PIP benefits and no place was provided for the prospective insured to accept or reject optional PIP benefits. The Supreme Court's decision in *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709, 711 (300 SE2d 673) (1983), interpreting OCGA § 33-34-5 (a), requires an insurer to offer a minimum of $50,000 PIP coverage and in the absence of a valid written rejection of optional PIP as required by the code section, the policy is deemed to provide total PIP coverage in the amount of $50,000 from its inception. *Flewellen*, supra at 712; *First of Ga. Underwriters Co. v. Beck*, 170 Ga. App. 68, 69 (1) (316 SE2d 519) (1984). Thus we find no merit in appellant's arguments that an insurer need not comply with OCGA § 33-34-5 when the insured admits he knew PIP coverage was available to him or that unless he protests, an insured is estopped to deny the lesser amount of PIP coverage which is listed on subsequent declaration sheets received. When the insurer's form is so utterly defective that no reference can be made to the printed application itself to resolve factual questions as to the amount of PIP coverage selected, we will not allow an insurer to "go behind" its faulty form and introduce evidence of a knowing rejection of benefits by the insured. *Montgomery v. Ga. Farm Bureau &c. Ins. Co.*, 253 Ga. 169, 171 (1) (317 SE2d 837) (1984). Further, appellant's argument that liability should rest on the independent insurance agent who listed the incorrect amount of cov-

erage on the application form is also without merit since the determinative factor here is not the alleged fraud or error by the agent but instead the defective nature of appellant's form. Compare *Morris v. Fidelity & Cas. Co.*, 169 Ga. App. 883 (315 SE2d 451) (1984).

2. Appellant contends the trial court erred by granting appellees' motion for partial summary judgment on the issue of bad faith penalties as provided in OCGA § 33-34-6 (c). Appellees' claim for the optional benefits was made to appellant several months after the decision in *Flewellen*, supra, became final and no reasonable question existed that appellant's application form was utterly defective under OCGA § 33-34-5. Therefore, there was no reasonable or probable cause for contesting appellees' claim. See generally *Bituminous Cas. Corp. v. Mowery*, 145 Ga. App. 45, 49 (2) (244 SE2d 573) (1978). Appellant's argument that its good faith excuse for nonpayment of the claim was appellees' failure to provide proof of loss in accordance with the requirements of the policy is without merit in view of appellant's admissions in interrogatories that its legal basis for denying liability was *lack of coverage* rather than any alleged failure by appellees to follow claims procedures under the policy. "Such denial of coverage by an insurer constitutes a waiver of a policy requirement pertaining to the filing of proof of loss. [Cits.]" *First of Ga. Underwriters*, supra at 70 (3).

Therefore, the trial court properly granted partial summary judgment to appellees on the issue of bad faith penalties under OCGA § 33-34-6 (c).

· *Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED NOVEMBER 8, 1984.

*Robert M. Darroch, W. Wray Eckl*, for appellant.
*John M. Bovis, John C. Bach*, for appellees.