69509. GRANGE MUTUAL CASUALTY COMPANY v. HALL.
(326 SE2d 497)

BANKE, Chief Judge.

Appellee Roy Hall sued his automobile casualty insurer, appellant Grange Mutual Casualty Company, to recover optional personal injury protection (PIP) allegedly due him under the theory of recovery set forth in *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983). The insurer appeals an order granting partial summary judgment to Hall as to his entitlement to $45,000 in optional PIP coverage, a bad-faith penalty, and attorney fees.

The insurance application comprises two pages, consisting of a basic application form and a supplement. The basic application form provides only for the minimum $5,000 in PIP coverage and does not allow for acceptance or rejection of any optional coverages, except with regard to uninsured motorist insurance. The supplement contains blocks for acceptance or rejection of optional PIP, loss of use, collision, and comprehensive coverage. As to each of the three latter categories, a handwritten "X" appears in or near the block adjacent to the word, "Rejected," followed by the initials, "RH." As to the category, "Additional Personal Injury Protection," blocks are provided for the selection of $45,000, $20,000, $10,000, or $5,000 in benefits, and a handwritten "X" appears near the $45,000 block. However, directly underneath the four "additional" choices, the initials "RH" were affixed to the following printed statement: "I do not want any Additional Personal Injury Protection." At the bottom of the form appears the printed statement, "I have initialed each offer I have rejected," followed by the appellee's signature. The insurer contends that the policy application was in substantial compliance with OCGA § 33-34-5 (b) and that Hall knowingly waived in writing any optional PIP coverage in accordance with the holding of the Georgia Supreme Court in *St. Paul Fire &c. Ins. Co. v. Nixon*, 252 Ga. 469 (314 SE2d 215) (1984). *Held*:

1. From the manner in which the supplement to the insurance application was completed, it could be reasonably construed that the appellee had elected to purchase $45,000 in optional PIP coverage and had rejected any additional coverage in excess of that amount. The only other possible construction of the form is that the appellee both elected to purchase additional PIP coverage and simultaneously rejected that coverage, which choices are, of course, patently inconsistent. The insurer contends that the "X" by the $45,000 block was placed there by the sales agent to show Hall where to signify his rejection of the optional coverages.

Conflicts as to whether an insured was made aware of his statutory right to optional coverages and whether he knowingly elected not to exercise that right are resolved by looking to the policy, not to the oral declarations of the parties. See *Tolison v. Ga. Farm Bureau Mut. Ins. Co.*, 253 Ga. 97 (2) (317 SE2d 185) (1984). See also *Colwell v. Voyager Cas. Ins. Co.*, 251 Ga. 744 (2) (309 SE2d 617) (1983); *Flewellen*, supra at 714. The policy application form at issue in this case does not clearly reflect that the appellee knowingly rejected optional PIP coverage but rather provides some indication that he chose to purchase such optional coverage in the amount of $45,000. Accordingly, the trial court did not err in awarding the appellee summary judgment on the coverage issue.

2. The insurer contends that the trial court also erred in conclud-

ing as a matter of law that Hall was entitled to recover a bad-faith penalty and attorney fees, pursuant to OCGA § 33-34-6 (b), leaving for jury determination only the issues of the amount of bills submitted to the insurer and not paid within 60 days after receipt and the amount of attorney fees due. The insurer has already tendered payment of the basic $5,000 in PIP benefits, including $2,500 for lost wages and $2,500 for medical expenses, and has also tendered $900 as a bad-faith penalty and attorney fees for late payment of the medical expenses. The dispute is thus limited to its liability for a bad-faith penalty and attorney fees on the lost wages portion of the basic claim, because of an alleged failure by the insured to provide proper notice of loss, and its liability for any penalty or attorney fees on the optional benefit portion of the claim.

"The question of the insurer's good faith (or lack thereof) is one of fact for the jury . . ." *Binns v. MARTA*, 250 Ga. 847, 848 (301 SE2d 877) (1983). See also *Intl. Indem. Co. v. Woods*, 169 Ga. App. 830 (4) (315 SE2d 20) (1984). After a careful examination of the record, we cannot conclude, as a matter of law, that the insurer is or is not subject to the imposition of bad-faith penalties and attorney fees in excess of those already tendered. See generally *Intl. Indem. Co. v. Reeves*, 170 Ga. App. 391 (2) (317 SE2d 234) (1984). Accordingly, we hold that the trial court erred in awarding summary judgment to Hall as to this portion of his claim.

*Judgment affirmed in part and reversed in part. Pope and Benham, JJ., concur.*

DECIDED JANUARY 15, 1985 —
REHEARING DENIED JANUARY 30, 1985 — 

*Richard A. Rominger, Fredric W. Stearns,* for appellant.
*Jack L. Cooper,* for appellee.