70378. POLYLOOM CORPORATION OF AMERICA v. VARSITY CARPET SERVICES, INC. et al.
(334 SE2d 386)

BENHAM, Judge.

Appellant Polyloom Corporation of America ("Polyloom"), a manufacturer of yarn used in making artificial turf carpet, and appellees, a collective of companies which perform various manufacturing processes related to carpet production ("The Varsity Group") were creditors of V & L Manufacturing Company ("V & L"), which manufactures and sells artificial turf carpet. Polyloom had been selling its "olefin" yarn to V & L on an open account for carpet production. Late in 1983, appellant became aware of V & L's serious financial problems; on January 16, 1984, appellant had V & L execute a promissory note in the amount of V & L's debt to Polyloom at that time, along with a security agreement giving Polyloom a security interest in

all Polyloom yarn and products made from the yarn in V & L's inventory. One month later, Polyloom filed a financing statement with respect to the note and agreement. The financing statement provided for a security interest in "all finished goods inventory of debtor now or hereafter acquired." Polyloom continued to supply V & L with olefin yarn for carpet production.

The Varsity Group also took steps to protect its financial interest in V & L. On December 19, 1983, V & L orally agreed that the Varsity Group would maintain inventories in the group's possession as security to cover the balance due to any of the companies in the group. The inventory was to include "backing materials, yarns, greige goods, both backed and unbacked . . ." The oral agreement was confirmed by letter, but no financing statement was filed. V & L later defaulted on its obligations, so the Varsity Group retained the inventory for repossession and sale after notifying Polyloom of its intent to do so. Polyloom contested the Varsity Group's right to the collateral, claiming that Polyloom's security interest was superior to that of the Varsity Group, and filed for a declaratory judgment on the issue.

At trial, the Varsity Group introduced the deposition of Mr. Avery, V & L's president, who testified, inter alia, that "finished goods" are goods that have been backed, billed, wrapped and are ready to ship; "greige goods" can be backed or unbacked; greige goods that are backed would not be included in the term "finished goods inventory" until they had been wrapped, sealed, and billed; and that there were no finished goods in the Varsity Group's possession at the time of repossession. Polyloom offered no other evidence on the meaning of the term "finished goods inventory." The trial court concluded that the goods held by the Varsity Group were backed and unbacked greige goods and not finished goods; therefore, Polyloom had no security interest in them.

Appellant filed a motion for reconsideration of the judgment and sought to present additional evidence, claiming it thought there had been a stipulation entered that finished goods and backed greige goods were interchangeable phrases. Polyloom appeals from the trial court's denial of the motion. We affirm.

1. Appellant first contends that the trial court erred in finding no finished goods inventory existed, because Avery's definition of finished goods describes an account (OCGA § 11-9-106) rather than inventory (OCGA § 11-9-109 (4)). Relative to this contention, appellant additionally contends that the trial court's finding that "backed greige goods" were unfinished was also in error. We disagree. Appellant, as plaintiff, had the burden of producing evidence regarding the meanings of the disputed terms. Our review of the record reveals that appellant was in no way prevented from doing so and that no such stipulation was entered into by the parties as to the meaning of the

terms in question. The trial court stated that the stipulation entered into by the parties was as follows: "The Varsity Group, as identified in the answer, was in possession of carpet goods, backed and unbacked, belonging to V & L [at the time the complaint was filed]," and counsel for both appellant and appellees agreed. Appellant, having failed to produce evidence necessary to prove its case at trial, cannot be heard to complain that the trial court accepted the testimony offered by appellees as to the meanings of the disputed terms.

Furthermore, appellant's characterization of the trial court's "acknowledg[ing] that its ruling was based upon evidence not of record (i.e., that dyeing [of the carpet] was required) which is admitted to have been incorrect" is totally unfounded. Our review of the transcript from the post-judgment hearing shows that appellant took the court's remarks out of context. The court did not rule based on its personal knowledge of carpet manufacturing, but considered only the evidence presented in Avery's deposition — "that finished goods had to be wrapped and sealed and billed, all of that, in order to be finished."

2. Appellant also claims that Avery's testimony violated the parol evidence rule in that it was an attempt to vary the unambiguous terms of the security agreement. We hold the opposite viewpoint. The testimony did not vary the terms of the agreement, but only served to explain the ambiguity of the term "finished goods inventory" and to aid in the construction of the agreement. Under those circumstances, the parol evidence was admissible. *Baker v. Jellibeans, Inc.*, 252 Ga. 458, 459 (314 SE2d 874) (1984).

3. We also reject appellant's assertion that the trial court abused its discretion in failing to vacate the judgment and allow appellant to present additional evidence. As noted earlier, the trial court properly based its ruling only on the admissible evidence presented and properly interpreted the applicable law, thus obviating the need to vacate the judgment. Nor was appellant entitled to present additional evidence that was available at the time of trial but was not produced due to appellant's mistake or trial strategy. See *McCullough v. Molyneaux*, 163 Ga. App. 352, 354 (294 SE2d 560) (1982); *Maloy v. Dixon*, 127 Ga. App. 151 (4) (193 SE2d 19) (1972).

4. Finally, appellant claims that its security interest was perfected by filing, giving it priority over appellees' security interest perfected by possession. The trial court failed to reach this issue in its judgment, apparently because it was unnecessary to do so. Once the court determined that the subject matter in which appellant allegedly held a security interest did not exist, the question of priority became moot. Having affirmed the trial court's judgment in Division 1 of this opinion, we need not address the priority issue.

5. As for appellees' motion to impose the $500 penalty against

appellant pursuant to Rule 26 (b) of the Rules of the Court of Appeals of Georgia, although the errors enumerated by appellant were without merit, we do not deem them to be frivolous.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 5, 1985.

*L. Hugh Kemp, Henry C. Tharpe, Jr.*, for appellant.
*Edward Hine, Jr., John E. Niedrach*, for appellees.