70810. DOWNER et al. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
(337 SE2d 422)

BEASLEY, Judge.

In August 1980 Mr. and Mrs. Downer filed a claim with Georgia Farm Bureau under Mr. Downer's auto insurance policy. Insurer paid the basic no-fault benefits due but refused to pay the optional no-fault benefits demanded by claimants for failure to comply with former OCGA § 33-34-5 (b). On October 26, 1982 claimants filed suit to recover the optional benefits, statutory penalties, punitive damages and attorney fees. On September 8, 1983 a request for continuance, signed by both parties, was granted removing the case from the pretrial calendar pending the Supreme Court's disposition of *Tolison v. Ga. Farm Bureau Mut. Ins. Co.*, 253 Ga. 97 (317 SE2d 185) (1984). The parties stipulated that they acknowledged there was a question of law as to whether the insurance application complied with the statute's requirements. Claimants moved for summary judgment on September 9 on the issue of insurer's compliance with former OCGA § 33-34-5 (b). The case was again continued at the request of both parties. On June 12, 1984 the Supreme Court issued its decision in *Tolison* concluding that the application form used by Ga. Farm Bureau, the identical form at issue in the case at bar, was defective under former OCGA § 33-34-5 (b), and on June 29 the court denied the motion for rehearing. Two weeks later insurer paid the optional personal injury benefits then due and subsequently paid the balance.

Insurer moved for summary judgment on the issues of statutory

penalties, punitive damages and attorney fees contending that it acted in good faith as a matter of law in refusing to pay the claim until after the Supreme Court decided *Tolison*, because prior to this time the law was unsettled as to whether insurer's application met the requirements of former OCGA § 33-34-5 (b). However, once *Tolison* was issued, and the application's noncompliance became resolved in law, insurer promptly paid the benefits in question. Claimants countered that there was a genuine issue of material fact as to whether insurer acted in good faith in refusing to pay the optional benefits prior to July 13, 1984.

The trial court granted insurer's motion for summary judgment and claimants appeal.

Our courts have held that insurance companies which did not pay Jones' claims while *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983), was pending "should not be penalized with bad faith penalties and damages," under the rationale that such penalties are not authorized where the insurance company has reasonable ground to contest the claims. *Montgomery v. Ga. Farm Bureau Mut. Ins. Co.*, 253 Ga. 169, 171 (3) (317 SE2d 837) (1984); *Ga. Farm Bureau Mut. Ins. Co. v. Caldwell*, 172 Ga. App. 560, 561 (323 SE2d 865) (1984); *Cotton States Mut. Ins. Co. v. McFather*, 251 Ga. 739 (309 SE2d 799) (1983). Accord *Fortson v. Cotton States Mut. Ins. Co.*, 168 Ga. App. 155, 158 (1) (308 SE2d 382) (1983). Under this same rationale, insurer should not be penalized for awaiting the *Tolison* decision.

There remained a question of whether insurer's application complied with former OCGA § 33-34-5 (b) even after *Flewellen* was issued. The Court of Appeals found insurer's application form defective in *Tolison v. Ga. Farm Bureau Mut. Ins. Co.*, 168 Ga. App. 187 (308 SE2d 386) (1983), but the Supreme Court granted certiorari to review this decision. Both parties here agreed to continuances pending the Supreme Court's decision in *Tolison*. It was only upon the Supreme Court's deciding *Tolison* that it became clear insurer's application form did not meet statutory requirements. The form's compliance was then being tested at the highest appellate level; thus, the insurance company could reasonably have believed that the form met the statutory requirements.

Claimants contend that here insurer is subject to bad faith penalties, as distinguished from *Montgomery*, supra, *Ga. Farm Bureau Mut. Ins. Co.*, supra, and *Cotton States Mut. Ins. Co.*, supra, because here there is evidence of bad faith. They point to a document which was prepared and unsuccessfully presented by insurer for Mr. Downer's signature after it denied optional benefits coverage which recited: "At the time my application for insurance was made, I was offered optional PIP coverage but rejected the optional coverage and the basic PIP coverage is what I accepted and all I wanted to pay the

premium for and I understood when I signed te (sic) application I was rejecting all optional PIP coverage. . . ."

To recover penalties for bad faith, the bad faith acts must have occurred subsequent to the insured's claim but prior to claimant's filing suit to recover. See *Brannon Enterprises v. Deaton*, 159 Ga. App. 685 (285 SE2d 58) (1981). Here, the alleged bad faith act occurred *after* claimants filed their lawsuit, and we find no evidence of bad faith *prior* to the filing. Moreover, evidence of an attempt to secure an admission does not remove the defense of refusing payment during the pendency of what will be a controlling appellate decision.

Additionally, far from evidencing bad faith, insurer's attempt to secure an admission reflects good faith in not delaying its investigation as to its liability. Insurer thought it had two defenses: first, that its application form complied with statutory requirements, and second, that even if the form was not in compliance, insured had expressly, albeit orally, rejected the optional benefits offered. In its efforts to obtain an admission, it was merely preparing for what it reasonably thought was this second defense. It was only after the Supreme Court issued the *Tolison* decision that it became clear this defense was also not valid.

Because insurer tendered the optional no-fault benefits owed within the statutory 30 and 60 day periods of OCGA § 33-34-6 (b) and (c) from June 29, 1984, when the motion for rehearing in *Tolison* was denied, bad faith penalties were not authorized. *Cotton States Mut. Ins. Co.*, supra. The trial court did not err in granting insurer's motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 30, 1985.

*Albert C. Palmour, Jr.*, for appellants.
*Dennis D. Watson*, for appellee.