72164, 72343. OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA v. WILLIAMS; and vice versa.
(345 SE2d 619)

DEEN, Presiding Judge.

In January 1982, needing to purchase automobile insurance, Wanda Williams telephoned the J. L. Brunson Agency, through which she had purchased insurance for several years. She spoke with Jetta Brunson, co-owner of the agency, and for her own convenience requested that Brunson complete and sign the necessary application for her. Subsequently, an insurance policy was issued by the Occidental Fire and Casualty Company of North Carolina (Occidental), effective January 26, 1982, which provided for $5,000 PIP coverage. It is undisputed that the insurer's application form complied with the requirements of OCGA § 33-34-5 (b) and *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983).

On March 28, 1982, Williams was injured in an automobile collision, as a result of which she incurred medical expenses of $21,311.26 and lost income of $8,686.40; Occidental paid Williams $5,000 PIP benefits as provided in the insurance policy. In June 1984, Williams formally demanded optional PIP benefits under her policy and tendered the additional premium, claiming entitlement on the basis that at the time of the application over the telephone she had never been informed of the optional coverages available and thus had not been given the opportunity to accept or reject such coverage. Occidental denied the claim, and Williams commenced this action, seeking the optional PIP benefits, attorney fees, and punitive damages. The trial court granted summary judgment for Williams on the claim for optional PIP benefits, but granted summary judgment for Occidental on the claim of attorney fees and punitive damages. Both parties appeal. *Held*:

Most of the evidence adduced in this case concerns Jetta Bronson's failure to explain the optional coverages available to Williams over the telephone at the time of the application, and Brunson's claim that she nevertheless had explained the optional coverages to Williams on numerous previous occasions. In *Colwell v. Voyager Cas. Ins. Co.*, 251 Ga. 744, 748 (309 SE2d 617) (1983), the Supreme Court reiterated that "[t]he purpose of the statute [OCGA § 33-34-5] is to re-

solve conflicts which arise when an insured contends that he was not informed of his statutory right to optional benefits. When the claim is made, the resolution of the issue will be to look to the policy to determine if there was reduction or rejection of those benefits in conformance with the statutory scheme."

Following that procedure in the instant case, where it was undisputed that the insurer's application complied with OCGA § 33-34-5 (b) and *Flewellen v. Atlanta Cas. Co.*, supra, and that Williams specifically authorized Jetta Brunson to sign the application, this court is compelled to find that a valid rejection by Williams of the optional coverages occurred. But compare *Southern Guaranty Ins. Co. v. Cotton States Mut. Ins. Co.*, 176 Ga. App. 140 (335 SE2d 598) (1985). Both the Supreme Court and this court have held that where the insurer's application did not comply with the statute, the insurer will not be allowed to go behind its defective form and present evidence that the insured in fact knowingly rejected the optional coverages. *Montgomery v. Ga. Farm Bureau &c. Ins. Co.*, 253 Ga. 169 (317 SE2d 837) (1984); *Hanover Ins. Co. v. Jennings*, 172 Ga. App. 559 (323 SE2d 863) (1984); see also *Colwell v. Voyager Cas. Ins. Co.*, supra. That sword of strictly looking to the application must swing both ways. In short, where an insurer's application complies with the statute and the insured or his authorized agent signs that application, any evidence of the insured's actual understanding of the optional coverage is not relevant. The fact that Brunson served as agent of both the insurer and the insured in this case provides no compelling basis for holding otherwise. Accordingly, the trial court should have granted summary judgment for Occidental on the entire claim.

*Judgment reversed in Case No. 72164; judgment affirmed in Case No. 72343. Benham and Beasley, JJ., concur.*

DECIDED APRIL 29, 1986 —
REHEARING DENIED MAY 16, 1986 — 

*Bruce W. Kirbo*, for appellant.
*Charles Stewart, Billy M. Grantham, Ronnie Joe Lane*, for appellee.