72272. JEFFERSON PILOT FIRE & CASUALTY COMPANY
v. PRICKETT.
(345 SE2d 629)

DEEN, Presiding Judge.

In this particular installment of the expansive tome of Georgia litigation over no-fault motor vehicle insurance, Omer Lee Prickett commenced this action against Jefferson Pilot Fire & Casualty Company (Jefferson Pilot) on April 30, 1984, seeking to recover $50,000 in optional PIP benefits and statutory penalties for bad faith failure to pay the claim. This appeal follows from a jury's awarding Prickett

$11,250 as a statutory penalty, $7,500 as attorney fees, and $42,500 as punitive damages.

Jefferson Pilot issued an automobile insurance policy to Prickett in June 1978. On March 7, 1979, Prickett was injured in an automobile collision while driving his employer's vehicle, and received $5,000 PIP benefits from his employer's insurer. No claim for optional PIP benefits was filed with Jefferson Pilot by Prickett prior to the commencement of this action. Prickett's attorney contacted Jefferson Pilot on October 28, 1983, and inquired about the additional premium amount he needed to submit in order to increase the PIP coverage to the maximum amount, but no actual demand for the increased coverage was made and no proof of loss was submitted at that time.

Prickett's policy with Jefferson Pilot was cancelled in July 1979, and in July 1982, the original application was destroyed in accordance with the company's policy of eliminating files inactive for three years. One of Prickett's primary theories of recovery on the optional PIP claim was that by virtue of the fact that the original application had been destroyed, Jefferson Pilot could not show that he had rejected in writing an offer for optional PIP benefits. Jefferson Pilot defended on the bases that it could produce an application identical to the one completed and signed by Prickett and that that application met the requirements of OCGA § 33-34-5 (b). The trial court granted summary judgment for Prickett on the optional PIP claim, but this court eventually reversed, holding that the insurer could prove the existence of the document by secondary evidence. *Jefferson Pilot Fire &c. Co. v. Prickett*, 176 Ga. App. 810 (338 SE2d 19) (1985). Before this court rendered that decision, however, the insufficiency of the application form utilized by Jefferson Pilot was finally determined in another case. *Douglas v. Jefferson Pilot Fire &c. Co.*, 175 Ga. App. 457 (333 SE2d 634) (1985). Certiorari in the *Douglas* case was denied by the Supreme Court on September 3, 1985, and on September 17, 1985, Jefferson Pilot paid Prickett $45,000 in optional PIP benefits, recognizing that the *Douglas* decision mooted the question of whether or not it could prove the existence of the written rejection. On October 1, 1985, the instant case proceeded to trial on Prickett's claim for attorney fees and statutory penalties under OCGA § 33-34-6, culminating in the jury verdict specified above. *Held*:

As indicated above, in denying Prickett's claim and defending against this action, Jefferson Pilot originally contended that it could prove by secondary evidence the existence of a valid written rejection of the optional coverage, despite the destruction of the original application. Prickett claims that the position demonstrated bad faith because under *Tolison v. Ga. Farm Bureau Mut. Ins. Co.*, 253 Ga. 97 (2) (317 SE2d 185) (1984), if an insurer cannot produce the application in question, it cannot prove a written rejection of the optional coverages.

However, it is apparent from even a cursory reading of the case that *Tolison* does not stand for such a proposition. See also *Jefferson Pilot Fire &c. Co. v. Prickett*, supra.

Prickett also maintains that bad faith was demonstrated by Jefferson Pilot's denial of the claim, considering the obvious noncompliance of its optional coverage application form, which contained only one signature space, with the dual signatory requirements delineated in *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983). However, the Supreme Court established a substantial compliance rule in approving an application that contained but one signature in *St. Paul Fire &c. Ins. Co. v. Nixon*, 252 Ga. 469 (314 SE2d 215) (1984), which was decided before Prickett commenced this action. See also *Tolison v. Ga. Farm Bureau Mut. Ins. Co.*, supra. We discern no basis for finding unreasonable Jefferson Pilot's original defense that its form substantially complied with OCGA § 33-34-5 (b). We particularly note the fact that in a parallel case defended by Jefferson Pilot, involving this precise issue and identical application form, one superior court agreed with the insurer, although this court eventually held otherwise. In doing so, this court found that Jefferson Pilot's standard form did not substantially comply not because the information about optional coverages was not prominently displayed, but because the optional coverages were "provided in abbreviated form, with no explanation of the meanings of the abbreviations." *Douglas v. Jefferson Pilot Fire &c. Co.*, supra at 458. Following the Supreme Court's denial of the application for a writ of certiorari in the *Douglas* case, Jefferson Pilot promptly paid Prickett the optional PIP benefits. Under these circumstances, there was no evidence to support an award for the bad faith penalties. Compare *Downer v. Ga. Farm Bureau Mut. Ins. Co.*, 176 Ga. App. 641 (337 SE2d 422) (1985).

"The true law, everywhere and at all times, delighteth in the payment of just debts. Blessed is the man that pays. The practice of paying promptly, and to the last cent, tends to the cultivation of one of the most excellent traits of human character . . . . Debt is the source of much unhappiness. The best possible thing to be done with a debt is to pay it." *Robert v. Tift*, 60 Ga. 566, 571 (1878). Under OCGA § 33-34-6, an insurer that in bad faith fails to pay a claim may be unhappy and unblessed, but that is not the case where an insurer adheres to a reasonable defense until it is no longer viable. Accordingly, the trial court erred in denying Jefferson Pilot's motion for directed verdict.

*Judgment reversed. Benham and Beasley, JJ., concur.*

98

*Donald M. Fain, Ward D. Hull, Charles A. Wiley, Jr.,* for appellant.

*Jeffrey M. Starnes,* for appellee.