## 72001. MOORE v. GEORGIA CASUALTY & SURETY COMPANY.
(345 SE2d 894)

DEEN, Presiding Judge.

When, as so frequently occurs, this court is faced with the necessity of assessing the legitimacy of yet another of the numerous progeny of *Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) (1980), cert. dismissed 248 Ga. 46 (280 SE2d 837) (1981), and *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673) (1983), we are tempted to cry with the prophet of old, "How long, O Lord, how long?"[1] Mindful, however, of our duty to accord to every citizen the fullest and fairest consideration of his case on its merits, we have stifled this impulse and hence have proceeded to examine thoroughly and meticulously the claims set forth in the instant appeal.

On or about February 2, 1979, appellant Christine Moore and her husband, Oscar Moore, now deceased, applied for an automobile insurance policy under the Georgia Motor Vehicle Safety Responsibility Act, OCGA §§ 40-9-1, 40-9-100, and the application was assigned to appellee Georgia Casualty & Surety Co. The application form contained separate boxes and separate signature lines for each of the

---

[1] Or as Judge Evans, invoking another ancient authority, rhetorically inquired, "How long, O Catiline?" *Bentley v. State,* 131 Ga. App. 425, 443 (205 SE2d 904) (1974).

Personal Injury Protection (PIP) coverages and, as executed and processed, showed election of the mandatory minimum $5,000 PIP benefits and rejection of all optional coverages; that is, each of the signature lines contained appellant's signature, and each "reject" box for optional coverages above $5,000 contained a check mark. A policy was issued showing the $5,000 minimum coverage for the time period beginning February 3, 1979, and ending February 3, 1980.

In April of 1979 Oscar Moore was injured in an automobile accident and died the following November as a result of those injuries, and appellee paid to appellant the $5,000 indicated in the policy. The policy expired February 3, 1980, and was not renewed. In December 1983, after *Jones v. State Farm Mut. Auto. Ins. Co.* and *Flewellen v. Atlanta Cas. Co.*, supra, had been decided, appellant's attorney sent to appellee a letter purporting to accept the maximum optional coverage of $50,000 and tendering therewith a check for $100 representing the additional premium for such coverage. The check itself did not recite that it represented a premium payment, but bore the number of the expired insurance policy and the names of Mr. and Mrs. Moore as insureds. According to affidavits filed in the action below, the particular office of appellee to which the check was mailed was not set up to receive, and did not as a rule receive, premium payments (which were ordinarily submitted only by agencies and were sent to a different address), but was accustomed to receiving only checks remitted as either salvage or subrogation proceeds; the check in question was accordingly marked "Salvage" by office personnel, the check was cashed, and $100 was posted to the account of the Moores under the "Salvage" designation. Therefore, according to sworn statements of employees of appellee, it was not until some weeks later, after rejection of appellant's demand for payment of the additional $45,000 in connection with her 1979 claim, that appellee became aware that the check had been tendered as a premium.

When appellee declined to pay the additional sum demanded, the appellant brought the action below, asserting that she had not been properly notified as to optional benefits, that the negotiation of the check was tantamount to the formation of a contract, and that appellee was therefore legally bound to pay the additional sum. Mrs. Moore made a sworn statement that she had not been informed of the existence of optional benefits and had not checked the "reject" boxes on the application form. Appellee moved for summary judgment, attaching affidavits from employees to the effect that the application form had been filled out by Mrs. Moore and that she had checked the "reject" boxes at that time. The trial court made, *inter alia*, the following findings of fact: that the application form "was valid under OCGA Section 33-34-5 (b), and a proper offer of optional personal injury protection benefits was made and rejected"; that *Flewellen*, supra, "is

not applicable to this case"; and that, the insurance policy having expired in February 1980, "any attempt by plaintiff to acquire coverage under this policy, absent the compulsion of *Flewellen*, in December 1983 is null and void." Mrs. Moore appeals, enumerating as error the award of summary judgment to appellee. *Held*:

Appellant contends that summary judgment was improper because there remain in the case unresolved issues of material fact, the first pertaining to whether or not she had received notice of optional benefits and had checked the "reject" boxes on the application form (and, if so, whether as a matter of law this met the *Flewellen* requirements), and the second regarding the negotiation of the check as forming a contract *vel non*. The face of the application form is *prima facie* evidence of notice, and the form itself complies fully with the statutory mandate and with the standards set forth in *Jones* and *Flewellen*, supra. The record is devoid of any evidence in support of plaintiff's allegations as to execution of the form. Likewise, appellant has set forth no evidence in support of her bare allegation that the mere negotiation of the check, without more, was sufficient to indicate a mutual intention to form a contract.

In *Flewellen*, supra at 714, the Supreme Court observed as follows: "The purpose of [OCGA § 33-34-5] is to resolve conflicts which arise when an insured contends that he was not informed of his statutory right to optional benefits. When this claim is made, the resolution of the issue will be to look to the policy to determine if there was reduction or rejection of those benefits in conformance with the statutory scheme." The documents of record in the instant case indicate clearly that the purported issues were resolved on summary judgment. Therefore, Mrs. Moore did not carry the evidentiary burden imposed upon her by OCGA § 9-11-56 (e), and the trial court did not err in granting summary judgment to appellee.

*Judgment affirmed. Benham and Beasley, JJ., concur. Beasley, J., also concurs specially.*

BEASLEY, Judge, concurring specially.

I concur.

Where the applicant signs, or authorizes signature on a form meeting the legal requirements as in *Occidental Fire &c. Co. v. Williams*, 179 Ga. App. 120 (345 SE2d 619) (1986), that is binding. The applicant cannot by parol evidence undermine the conclusiveness of the positive evidence of rejection. Otherwise that would undermine the strict requirements of the statute (OCGA § 33-34-5) and case law with respect to the written form which serves as the evidence.

Here, there is no dispute that the applicant in fact signed the form; the evidence on both sides affirmatively shows it. The form is legally correct. The claim that the options were not explained or actu-

ally rejected is foreclosed and thus irrelevant.

DECIDED MAY 15, 1986 —
REHEARING DENIED MAY 30, 1986 —

*Clarence L. Martin*, for appellant.
*David H. Connolly, Jr.*, for appellee.