72934. BLALOCK et al. v. SOUTHERN INSURANCE COMPANY.

(349 SE2d 32)

BEASLEY, Judge.

Appellants' eighteen-year-old daughter was fatally injured in an automobile accident. They filed a wrongful death action against the uninsured driver of the auto in which their daughter had been a passenger and against the driver of another involved auto and sought to recover uninsured motorist benefits under their own policy with appellee insurance company. The company moved for summary judgment on the ground that Mr. Blalock had rejected uninsured motorist coverage in writing in his application for insurance. The motion was granted.

The Blalocks contend summary judgment was improper because questions of fact exist as to uninsured motorist coverage in that the application form is insufficient to inform him of the right to such coverage, its nature, and the legal consequence of rejection. Also, that the form fails "to show a clear and knowing" rejection of such coverage, and that he was unaware of his entitlement to such coverage.

OCGA § 33-7-11 (a) provides that "No automobile liability policy or motor vehicle liability policy shall be issued . . . unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle . . . (3) The coverage required under paragraph (1) of this subsection shall not be applicable where any insured named in the policy shall reject the minimum coverage in writing . . . ."

The application for insurance here clearly shows a written rejection of uninsured motorist coverage which complies with the statutory requirement. "Uninsured motorists" is listed under the section at the top of the marked "optional coverages," and the second, "reject" box next to it had been checked rather than the first, "accept" box. In the middle of the page, where coverages, limits of liability, and premiums are listed, the premium box for "Uninsured Motorists" is blank and no selection among three liability amounts is designated. Plaintiffs do not deny that Mr. Blalock checked or authorized checking the rejection box or that he signed the form at the bottom. At the bottom of the application immediately above appellant's signature, is a statement in capital letters that "the undersigned, by his/her signature,

hereon, certifies that the coverages listed in the 'optional coverages' section of this application have been explained and offered to him/her, and that this application accurately reflects his/her wishes in that regard." What is more, the policy's declaration sheet shows that no premium was charged for uninsured motorist coverage and the "limits of liability" is blank. The sheet states: "The insurance afforded is only with respect to such of the following coverages . . . as are indicated by specific premium charge or charges." Thus, summary judgment was proper. *Barnes v. Mangham*, 153 Ga. App. 540 (265 SE2d 867) (1980); *Whatley v. Universal Security Ins. Co.*, 177 Ga. App. 424 (339 SE2d 398) (1986).

Plaintiffs' reliance upon *Associated Indem. Corp. v. Sermons*, 175 Ga. App. 513 (333 SE2d 902) (1985), and their argument regarding the sufficiency of the application form in setting out available uninsured motorist coverage is misplaced. These matters relate only to optional no-fault coverage, not uninsured motorist coverage, where specificity in the offering and rejection of such coverage is controlled by OCGA § 33-34-5 (b).

In addition to the application form being conclusive here, another principle supports the finality of the rejection. " 'Regardless of whether (the insurer's employee) was the agent of the defendant . . . or of the plaintiff . . . the evidence demands a finding that the plaintiff failed to comply with (his) legal duty to examine (his) contract, observe what coverage it provided . . . and, if the coverage was not correct, either reject the policy as written when tendered, or renegotiate (his) contract with the insurer.' [Cit.] 'The insured was not only free to examine the contract (he) was under a duty to do so; and if (he) had done that (he) would have observed just what coverage it provided . . . If it was not what (he) wished to have (he) could have renegotiated (the) contract, or, if the company was unwilling to do that, (he) could have returned it as unacceptable and negotiated a contract with another company. If (he) had done so it probably would have involved a greater premium than was demanded under the contract that was delivered and which (he) kept, for it would have increased the risk.' *Parris & Son v. Campbell*, 128 Ga. App. 165, 173 (196 SE2d 334) (1973)." *Barnes*, supra.

Plaintiffs are bound by the rejection of uninsured motorist coverage and the failure to renegotiate the contract if when he received it, Mr. Blalock desired such coverage.

The appellee's motion for the imposition of a penalty for frivolous appeal under Court of Appeals Rule 26 is denied. Under the circumstances of this case, "although the errors enumerated by appellant were without merit, we do not deem them to be frivolous." *Polyloom Corp. v. Varsity Carpet Svcs.*, 175 Ga. App. 806, 809 (5) (334 SE2d 386) (1985).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 17, 1986.

*Timothy A. Siler, Craig R. Patterson,* for appellant.
*Terry L. Shaw, Wade K. Copeland, Richard B. Eason, Jr., Douglas A. Wilde,* for appellee.