73385. HARDY et al. v. NATIONWIDE INSURANCE COMPANY.
(356 SE2d 38)

POPE, Judge.

On April 2, 1984 appellant Cynthia Hardy executed an application with appellee insurer for the issuance of a new automobile insurance policy covering an automobile driven by herself and her husband, appellant Mark Hardy. A policy was issued which provided, inter alia, basic personal injury protection (PIP) coverage through October 2, 1984. On July 25, 1984 Mark Hardy was involved in a collision resulting in medical expenses and loss of earnings in excess of basic PIP coverage. In April of 1985 appellants made a demand upon appellee for optional PIP coverage and tendered the additional premium therefor. Appellee eventually rejected appellants' demand, and appellants brought this action seeking optional PIP coverage. The parties moved for summary judgment, and this appeal arises from the grant of appellee's motion and the denial of appellants' motion.

1. Appellants begin their arguments on appeal with the assertion that this case is another of the long line of cases governed by the holdings in *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980), and *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983). In this assertion, appellants are clearly mistaken. The holdings in *Jones* and *Flewellen* are founded upon OCGA § 33-34-5 as it existed prior to its amendment in 1982. See Ga. L. 1974, p. 113, § 4; Ga. L. 1975, p. 3, § 1; Ga. L. 1975, p. 1202, § 4. As the record in this case shows that the subject policy was newly issued in 1984, the issues raised in this appeal are governed by OCGA § 33-34-5 as amended effective November 1, 1982. See Ga. L. 1982, p. 1234, § 1; Ga. L. 1983, p. 3, § 24 (20). To the extent they are based upon the statute prior to its 1982 amendment, the holdings in *Jones* and *Flewellen* and their progeny are inapposite to the case at bar.

2. As is pertinent here, the second page of the application for insurance in this case provided the applicant (here, appellant Cynthia Hardy) with a seriatim selection of a number of available coverages, including "BASIC PERS INJURY PROT" and, immediately below, "ADD PERS INJURY PROT." To the right of the basic PIP selection was a box labeled "FULL COVERAGE"; this box was marked with an "X." To the right of the additional (or optional) PIP selection was a series of boxes labeled "$5,000," "$20,000" and "$45,000," respectively; none of these boxes was marked. At the bottom of the page in boldface type, just above the admitted signature of appellant Cynthia Hardy, was the following language: "THE OPTIONAL COV-

ERAGES HAVE BEEN EXPLAINED. THE COVERAGES INDI-
CATED ON THIS APPLICATION ARE THOSE I HAVE SE-
LECTED." Appellants contend that the application was "patently
confusing" in that the term "FULL COVERAGE" when used in the
application in conjunction with the selection of basic PIP coverage led
Cynthia Hardy to believe that she was choosing the maximum PIP
coverage, not the minimum. We disagree that the application was
confusing.

The application here plainly separates the selection of basic PIP
coverage from the selection of additional PIP coverage. OCGA § 33-
34-4 mandates $5,000 minimum PIP coverage on motor vehicles regis-
tered in this state. The term "FULL COVERAGE" when used in con-
junction with the selection of basic PIP coverage on the application
obviously means full PIP coverage in the amount of $5,000. By law,
neither the rejection of basic PIP coverage nor the selection of less
than the $5,000 minimum coverage is an available option.

As to optional PIP coverages, OCGA § 33-34-5 (b), effective No-
vember 1, 1982, provides: "Each initial application for a new policy of
motor vehicle liability insurance sold in this state after November 1,
1982, shall contain a statement in boldface type signed by the appli-
cant indicating that the optional coverages listed in subsection (a) of
this Code section have been explained to the applicant." Although the
format required by this statute differs markedly from that required
under the statute in effect prior to November 1, 1982, the intent and
purpose of the statute remain the same. "The intent of OCGA § 33-
34-5 is to ensure that insurers offer optional coverages to applicants
for no-fault insurance *and* that an applicant's waiver of his privilege
to obtain optional coverages be made knowingly *and in writing*. The
purpose of the statute is to resolve conflicts which arise when an in-
sured contends that he was not informed of his statutory right to op-
tional benefits. When this claim is made, the resolution of the issue
will be to look to the policy [application] to determine if there was
reduction or rejection of those benefits in conformance with the statu-
tory scheme." (Citations and punctuation omitted.) *Douglas v. Jeffer-
son-Pilot Fire &c. Co.*, 175 Ga. App. 457 (333 SE2d 634) (1985). Oral
declarations of the parties provide no basis for resolving conflicts as
to whether an applicant was made aware of his statutory right to op-
tional coverages and whether he knowingly elected not to exercise
that right. *Bob Lairsey Ins. Agency v. Allen*, 180 Ga. App. 11 (2) (348
SE2d 658) (1986); *Grange Mut. Cas. Co. v. Hall*, 173 Ga. App. 382 (1)
(326 SE2d 497) (1985).

We find the face of the application form in this case to be prima
facie evidence of notice, and the form itself complies fully with the
current statutory mandate of OCGA § 33-34-5 (b). Therefore, the trial
court properly entered summary judgment in favor of appellee insurer

and correctly denied appellants' motion for summary judgment. See *Moore v. Ga. Cas. &c. Co.*, 179 Ga. App. 247 (345 SE2d 894) (1986); *Occidental Fire &c. Co. v. Williams*, 179 Ga. App. 120 (345 SE2d 619) (1986); see also *Blalock v. Southern Ins. Co.*, 180 Ga. App. 319 (349 SE2d 32) (1986).

*Judgment affirmed. McMurray, P. J., concurs. Carley, J., concurs specially.*

CARLEY, Judge, concurring specially.

I am constrained to concur in the result reached by the majority that the application form complies with the current statutory language set forth in OCGA § 33-34-5 (b). However, I must disagree with the majority that the intent and purposes of the statute after the 1982 amendment "remained the same" as that in effect prior to the amendment. While that may have been the hope of some, the present statute really requires no particular format insuring that the form will be self-explanatory to any person of reasonable intelligence so long as that form contains the new magic words in bold-faced type "indicating that the optional coverages listed in subsection (a) of this Code section have been explained to the applicant." It is to be noted that there is no requirement that the bold-faced type statement indicate that the *form itself* has been explained.

With that preface, I cannot help but opine that this form, while admittedly barely complying with the new statute, is unbelievably deceptive in that the block wherein one may indicate his selection of only basic personal injury protection is captioned by the words: "FULL COVERAGE." Especially is this a less than adequate description in view of the fact that there is absolutely no coverage which may be purchased that is *less* than that which is designated as "FULL COVERAGE."

DECIDED MARCH 9, 1987 —
REHEARING DENIED MARCH 25, 1987 —

*William R. Hurst*, for appellants.
*Philip M. Casto*, for appellee.